UNITED STATES DISTRICT COURT
For The
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:25-CV-10468-IT

TOMMY GIGUERE,
    Petitioner

v.

STACY TARDIF,
    Respondent

## PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

### I.    OVERVIEW.

Now comes the Petitioner, Tommy Giguere ("Father") and respectfully requests that this Honorable Court deny the Respondent, Stacy Tardif's ("Mother's") Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted (Federal Rules Civ. Pro. 12(b)(1) and 12(b)(6)).

### II.    STANDARD FOR MOTION TO DISMISS.

"While a complaint attacked by a ... motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the `grounds' of his `entitle[ment] to relief' requires more than labels and conclusions .... Factual allegations must be enough to raise a right to relief above the speculative level ... [based] on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)...." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct 1955, 1964-1965 (2007). What is required at the pleading stage are factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief, in order to "reflect[] the threshold requirement of [Fed. R. Civ. P.] 8(a)(2) that the `plain statement' possess enough heft to `sho[w] that the pleader is entitled to relief.'" *Id.* at 1966.

   **A. Failure to State A Claim Upon Which Relief May be Granted.**

The Mother's motion is premised on the faulty conclusion that the mere temporary relocation to explore a business opportunity constitutes an automatic abandonment of the family's Habitual Residence in Québec in favor of a new one in Massachusetts. That is just not an accurate reflection of the law.

The issue of Habitual Residence is a mixed question of fact and law which needs to be considered on a case-by-case basis, in view of the totality of the circumstances. *Monasky v. Taglieri*, 140 S.Ct.719 (2020). Father, admittedly, did not include all of the applicable details of the family's situation in his complaint, but he is not required to do so as additional evidence is gleaned during the discovery process and presented at an evidentiary hearing. To survive a motion to dismiss, Father need only state sufficient factual allegations in his complaint to plausibly suggest his statements possess enough heft to show he is entitled to relief. Father's complaint, on its face, addresses each of the requisite elements of a wrongful retention as defined in the Hague Convention applied to the facts of this case. Father's complaint is verified

and he also provided a sworn statement (Exhibit 5 to Father's Hague Petition) with certain back up documents reflecting many facts which support his assertion that Québec remains the habitual residence of the parties and their children including, but not limited to:

1. Both parties maintain their Québec driver's licenses and Father even renewed his on November 22, 2023 some eleven months after temporarily relocating to Massachusetts (Hague Petition Exhibit 5);

2. Both parties maintain an address in Québec to which they returned regularly until August, 2024 when Mother essentially stopped returning and Father resumed living as a full-time home. The parties continue to receive mail at their Québec address including statements from their Québec banks (Hague Petition Exhibit 5) and their Québec voter ballots for the upcoming national election;

3. As recently as July 25, 2024 Mother was depositing her paycheck into her bank account in Québec (Hague Petition Exhibit 5);

4. The children continue to have Québec health insurance;

5. The children continue to be patients at their Québec pediatrician's office including receiving multiple vaccinations at that office after their temporary relocation to Massachusetts (Hague Petition Exhibit 5)[1];

---

[1] Father acknowledges the children also have a pediatrician in Massachusetts.

6. The Parties and Children, all Canadian citizens, temporarily entered the USA on E2 Visas which have to be renewed every two years and carry maximum of 5 year duration, and which requires a signed attestation that the relocation is only temporary; and

7. The children have routinely traveled home to Québec between their arrival on their temporary E2 Visas in December, 2022 and August, 2024 when the Father contends the wrongful retention began (Hague Petition Exhibits 5 and 6). Indeed, it was the rare occasion when the family did not return to Québec in a given month and in many months, they traveled back and forth between Québec and Massachusetts multiple times.

All of the above facts, among others, support Father's reasonable belief that the family did not change their habitual residence during their temporary stay in Massachusetts while they helped Mother's parents launch a business endeavor. Father acknowledges there are factors which point in both directions. However, given that these are young children, who are not yet in school and whose lives and ability to acclimate are directly linked to their parents' decision making, the parties' actions and agreements in this case are particularly relevant to the habitual residence inquiry. "Because children, especially those too young or otherwise unable to acclimate, depend on their parents as caregivers, the intentions and circumstances of caregiving

parents are relevant considerations.  No single fact, however, is dispositive across all cases." *Monasky,* at 727.

Father plead sufficient facts in his Hague Petition to meet the other Convention requirements including that under Québec law the parties have joint rights of custody of their children, that the parties had been living together as a family with their children in Québec, and later temporarily in Massachusetts, which arrangement continued until August, 2024 when the initial wrongful retention occurred making clear that Father had been exercising his custodial rights.  All of these facts, taken as a whole, contain sufficient heft to show Father is entitled to relief under the Hague Convention.

Father does not agree with Mother's claim that Québec does not have jurisdiction to make custody orders if the children are returned.  Such a claim by Mother certainly does not warrant a dismissal of Father's Hague Petition.  But, even if Mother's claim were sufficient grounds to dismiss this case, Mother's is an inaccurate summary of Québec law.  Indeed, Article 3142 of the Civil Code of Québec foresees that Québec authorities have jurisdiction to decide as to the custody of a child, provided he is domiciled (i.e. habitually residing) in Québec.  At bar, since their birth, the children have been domiciled in Québec. In order for Québec to decline jurisdiction, the Mother would have to convince the court that the children have acquired a domicile elsewhere. The process of the acquisition of a new domicile

involves two factors in Québec, – (a) the acquisition of residence in fact in a new place and (b) the intention of permanently settling there. The very nature of the temporary USA E2 Visa, debunks any notion that there was an intention of settling in the USA permanently. Furthermore, there is no strict rule in Québec that after a certain time outside of Québec your domicile or habitual residence is lost. Therefore, the habitual residence of the children remains in Québec.

Even in cases where the children are not domiciled yet in Québec but do reside or are present there, the court can take jurisdiction under different articles of the Civil Code including the following:

- **3136.** Even though a Québec authority has no jurisdiction to hear a dispute, it may nevertheless hear it provided the dispute has a sufficient connection with Québec, if proceedings abroad prove impossible or the institution of proceedings abroad cannot reasonably be required.
- **3138.** A Québec authority may order provisional or conservatory measures even if it has no jurisdiction over the merits of the dispute.
- **3140.** In cases of emergency or serious inconvenience, Québec authorities may also take such measures as they consider necessary for the protection of a person present in Québec or of the person's property if it is situated there.

While Father acknowledges the Québec Court might not have jurisdiction for a divorce case between the two parents at this juncture, the Courts would have

jurisdiction if the Father was to file an Application for "separation from bed and board" (much like a Complaint for Separate Support provided for in Massachusetts law) and could ask the court to decide of the custody as an accessory to the separation.  To that end, Québec Civil Code Section 3146 provides that Québec authorities have jurisdiction to rule on separation from bed and board when one of the spouses has his domicile or residence in Québec at the time of the institution of the proceedings.

### B. Subject Matter Jurisdiction.

The International Child Abduction Remedies Act ("ICARA), 42 USC 11601 et seq. specifically provides the "courts of the States and the United States district courts shall have concurrent original jurisdiction of actions arising under the Convention." 42 USC 11603.  This Federal regulation places subject matter jurisdiction squarely in the hands of this court.  Father acknowledges he had the right to file his petition in State court but, for a host of reasons, elected not to do so.

There is no requirement that Father file his Hague Petition in State court if there is a pending divorce in state court even if that pending divorce has a custody provision.  Here, the State court divorce action is only in the discovery stage.  Upon information and belief, the US Central Authority sent an Article 16 letter to the divorce judge shortly after Father filed his Hague Petition which should have the effect of staying the child custody portion of the divorce action during the pendency

of this matter in favor of the Hague action moving forward. Furthermore, to bring the issue of the stay to the attention of the divorce judge, on March 14, 2024, Father's divorce counsel also filed a motion to stay the custody portion of the divorce action which motion is scheduled for hearing on April 24, 2025. Assuming the custody portion of the divorce action is stayed pending the outcome of this matter, Father's Hague Petition should then be set down for expedited proceedings in order to determine whether the custody dispute should be addressed by the Quebec courts or if the stay of the Massachusetts divorce should be lifted.

### C. Mother's Request for Fees.

Mother acknowledges nothing in the Hague Convention or ICARA entitled Mother to an award for counsel fees in this matter. Mother cites to Massachusetts State court authority in her bid for an award of legal fees. In the event Mother is successful in having Father's complaint dismissed, she has the right to bring her request for fees in connection with the divorce action. Her request for fees in this court should be denied.

### III.     CONCLUSION.

For all of the foregoing reasons, Mother's Motion to Dismiss should be denied along with Mother's request for fees.

| | |
|---|---|
| Date: April 7, 2025 | Respectfully submitted,<br>**TOMMY GIGUERE**,<br>By his attorneys,<br><br>By: *Wendy O. Hickey*<br>Wendy O. Hickey, BBO #657457<br>Brick, Jones, McBrien & Hickey LLP<br>250 First Avenue, Suite 201<br>Needham, MA  02494<br>P: (617) 494-1227<br>whickey@brickjones.com |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Opposition to Motion to Dismiss was electronically served on counsel for the respondent, Stacy Tardiff, at his email of record being brian@turcolegal.com on this 7th day of April, 2025.

*Wendy O. Hickey*