UNITED STATES DISTRICT COURT
For the DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:25-CV-10468-IT

**TOMMY GIGUERE,**
    **PETITIONER**

v.

**STACY TARDIF,**
    **RESPONDENT**

## PETITIONER'S PROPOSED JUDGMENT

After consideration of all the evidence including testimony and exhibits and all reasonable inferences drawn therefrom, the Court concludes that Respondent's, Stacy Tardif's (hereafter "Mother") conduct constitutes a wrongful retention of the minor children MG1 and MG2 (hereafter collectively "Children") in the United States within the meaning of Article 3 of the Hague Convention on the Civil Aspects of International Child Abduction. At the time of the wrongful retention, the Petitioner, Tommy Giguere (hereafter "Father") was exercising lawful rights of custody under the laws of Quebec, Canada. Mother did not prove that Father acquiesced to the Children remaining in Massachusetts beyond August 28, 2024.

Accordingly, the following Judgment shall enter and become effective immediately:

    1. The Mother shall provide the Father with the Children's passports and Father shall take temporary custody of the children at 5:00 PM on July 25, 2025 for

the purpose of returning with them to Quebec Canada where either Party may file an action to address custody of the Children on a temporary and permanent basis.

    2.  Until further orders are entered by a court of competent jurisdiction, neither Party shall apply for or facilitate the issuance of any passports or other immigration related paperwork for the Children.

    3.  Certified copies of this Judgment shall be provided to counsel for the Father who shall transmit same to the U.S. Department of State acting as the USA Central Authority and the Office of Passport Policy and Advisory Services, 1111 19th Street N.W., Suite 260, Washington, D.C. 20522-1705, and to the appropriate Canadian authorities.

    4.  The proceedings in Essex Probate and Family Court, Docket No. 24D-1750 DR which have been stayed shall continue to be stayed pending an order from a court of competent jurisdiction in Quebec.

    5.  Mother is hereby restrained from initiating or maintaining any further legal proceedings within the United States concerning the Children, including but not limited to proceedings in any Massachusetts court relating to the Children or Father until such time as a court in Quebec has made a custody determination.

    6.  Father has expended $134,530.27 USD on attorney's fees, court costs, and expenses relating to his access to the children following their wrongful retention in Massachusetts.  Furthermore, Father has expended $28,230.89 CAD on attorney's fees and costs in connection with this matter including $1,200 in lost wages.  As

mandated by 42 U.S.C. § 11607(b)(3) (ICARA), Mother shall be responsible for reimbursing Father for all of his legal fees and costs in connection with this action within ninety (90) days from the date of this judgment or, if she is unable to pay the fees ordered, by transferring her ownership interest in the Salisbury townhouse jointly owned by the Parties to Father.

So Ordered:

_____
Hon. Indira Talwani
Justice, U.S. District Court (D. Mass)