UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOMMY GIGUÈRE, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * Civil Action No. 1:25-cv-10468-IT |
| | * |
| STACEY TARDIF, | * |
| | * |
| Respondent. | * |
| | * |

MEMORANDUM AND ORDER
REGARDING MARITAL DISQUALIFICATION

August 11, 2025

TALWANI, D.J.

During an evidentiary hearing in this proceeding under the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001–11, which implements the Hague Convention, counsel for Petitioner objected to Respondent's testimony concerning confidential marital communications, asserting that this testimony is barred by the Massachusetts marital disqualification law. The court upheld the objection but now reconsiders that ruling.

I.   Discussion

Massachusetts law provides that "neither husband nor wife shall testify as to private conversations with the other" in any civil proceeding in court, except under certain circumstances not applicable here. M.G.L. c. 233 § 20. In Kowalski v. Gagne, 914 F.2d 299 (1st Cir. 1990), on which Petitioner relies, the First Circuit recognized that "Massachusetts law bars testimony by a husband or wife as to private conversations with a spouse." Id. at 307 (citing,

inter alia, M.G.L. c. 233 § 20 and Fed. R. Evid. 601). And in Gallagher v. Goldstein, the Massachusetts Supreme Judicial Court explained that the rule is "one of disqualification rather than privilege" and such testimony "is inadmissible even if both spouses desire the evidence to be admitted." 402 Mass. 457, 459 (1988). Respondent's counsel argued that Petitioner had waived any privilege by introducing the parties' written and oral communications prior to objecting to Respondent's testimony. But under Massachusetts law, "if no objection is made when such testimony is introduced, then the testimony may be admitted for its full probative value." Miller v. Miller, 448 Mass. 320, 326 (2007). Moreover, "[w]ritten communications are excluded from the disqualification[.]" Gallagher, 402 Mass. at 460 n.4. Accordingly, the court upheld Petitioner's objection.

Nonetheless, on further review, the court finds that disqualifying Respondent's testimony was incorrect. Fed. R. Evid. 601 provides that "[e]very person is competent to be a witness unless these rules provide otherwise. But in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." (Emphasis added). State law governed disqualification in Kowalski, a diversity case, see 914 F.3d at 300, for when a "case is in federal court by virtue of diversity jurisdiction, . . . state law supplies the substantive rules of decision," Conformis, Inc. v. Aetna, Inc., 58 F.4th 517, 528 (1st Cir. 2023) (internal citations omitted). But the court's jurisdiction here is not based on diversity but on the Hague Convention. Verified Compl. ¶ 1.1 [Doc. No. 1]. And although Article 3 of the Hague Convention requires the court to apply the law of the state of the child's habitual residence to determine whether the removal or retention of a child is unlawful, see 1343 U.N.T.S. at 98, both parties have pointed to the Hague Convention and federal common law, not state law, for determining the initial question of the children's habitual residence. See Pet. Trial

Br. 10–11 [Doc. No. 31]; Resp. Trial Br. 4–6 [Doc. No. 32]. Accordingly, the question of disqualification is one of federal law, not state law.

Fed. R. Evid. 601 provides further that "[e]very person is competent to be a witness unless these rules provide otherwise." Petitioner has pointed to no other rule that would disqualify Respondent from testifying. And as the Supreme Court has recounted, in 1933, it "abolished the testimonial disqualification in the federal courts[.]" Trammel v. U.S., 445 U.S. 40, 44 (1980) (citing Funk v. United States, 290 U.S. 371 (1933)). Accordingly, marital disqualification does not apply.[1]

II.   Remedy

The court finds that reopening the record is required to correct this error. No later than August 12, 2025, Respondent may submit by affidavit her testimony as to the relevant communications in her private conversations with Petitioner. No later than August 14, 2025, Petitioner may respond to Respondent's submission by Petitioner's affidavit as to the relevant communications in his private conversations with Respondent. If either side contends cross-examination is necessary, counsel shall confer and make any such request by August 15, 2025.

IT IS SO ORDERED.

August 11, 2025                                          /s/ Indira Talwani
                                                         United States District Judge

---

[1] Petitioner has not claimed that the testimony is barred by a privilege, rather than disqualification.

3