UNITED STATES DISTRICT COURT
For the DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:25-CV-10468-IT

TOMMY GIGUERE,
    PETITIONER

v.

STACY TARDIF,
    RESPONDENT

# PETITIONER'S MOTION TO STRIKE PARAGRAPHS FROM RESPONDENT'S AFFIDAVIT

NOW COMES Petitioner, Tommy Giguere ("Father"), by and through counsel, and respectfully requests this Honorable Court strike the following identified paragraphs from the Respondent's Affidavit submitted pursuant to this Court's Order permitting supplementation of the record. Father further moves that the court require Respondent, Stacy Tardif ("Mother") to re-file her Affidavit with the stricken paragraphs removed and properly redacted in accordance with the rules. If this motion is allowed, Father may not seek additional trial time to cross examine Mother but if he does Father estimates it will only take 15-30 minutes maximum. However, if the motion is denied, Father believes he has no choice but to cross examine the Mother in connection with her Affidavit.

In its August 11, 2025 Memorandum and Order Regarding Marital Disqualification, this Court specifically limited Respondent's affidavit to "her testimony as to the relevant communications in her private conversations with Petitioner." Despite this limitation, Mother's Affidavit is replete with what can only be described as additional information she wanted, but neglected, to offer during the trial thus going well beyond the scope of the Court's order.

Page 1

Additionally, the Mother failed to redact the names of the Parties' minor children throughout her Affidavit. Finally, the Affidavit was served upon counsel after the applicable deadline from the Order, rendering the certificate of service inaccurate.

The following paragraphs in the Respondent's Affidavit contain statements that:

1. Describe events or facts that do not involve any private conversation between the Parties;
2. Recite the absence of any conversation ("we never talked about…") rather than an actual private communication when this is something Mother clearly could have testified to during trial in response to Father's testimony; and/or
3. Contain conversations that were written messages through e-mail or text message or that took place in the presence of third parties, which were admissible at the time of trial and therefore ought to have been introduced then, rather than through this post-trial affidavit.

Furthermore, nearly all paragraphs in the Mother's Affidavit lack specificity regarding what was said during the private conversations, as well as when and where they took place. The generalizations, lack of specificity and detail are the reason Father's counsel will need to cross examine Mother on her affidavit.

Nonetheless, because many of these paragraphs fail to comply with the limitations set forth in the Court's Order, they are improper, prejudicial, and irrelevant to the narrow issue for which the record was reopened. Striking certain sections ahead of time will significantly narrow the scope of the additional cross examination needed. Accordingly, the Father moves that the Court strike each of the paragraphs listed below, or portions thereof, identified herein:

**Paragraph 2:**
My parents established their company, Dercy Inc., in the US in April 2021.

**Strike** – This was not a private conversation and thus exceeds the scope of the Order.

**Paragraph 3:**

This is when things started to get real, and Tommy and I began to make plans and applied for visas to allow us to work in the US.

**Strike** – This was not a private conversation and thus exceeds the scope of the Order.

**Paragraph 11:**

<u>We never talked about a timeline for moving back to Canada, because we never knew if we were going to</u>, but we told each other we would try it and if we didn't like Massachusetts or if the business wasn't successful, we would go back and we would be happy that we had the chance to try it.

**Strike** – "**We never talked about a timeline for moving back to Canada, because we never knew if we were going to**"  This part of the paragraph is the absence of a conversation and should have been elicited at trial.

**Paragraph 12:**

My parents offered that we could stay in their apartment in Haverhill for the first year as part of relocating to the US and starting the business.

**Strike** – This was not a private conversation between the parties, rather a conversation with Mother's parents and thus should have been elicited at trial.  It exceeds the scope of the Order.

**Paragraph 15:**

We finally moved in December 2022 and loved it right away and then discussions to

further settle and establish ourselves began.

**Strike** – This is neither a specific conversation where Mother relays what Father allegedly said nor is it clearly identified as a private conversation and thus exceeds the scope of the Order and should be stricken.

**Paragraph 17:**
In May 2023, we decided to hire a Realtor to put up our house for sale, in 2-3 days it was sold and done deal.

**Strike** – This was not a private conversation and thus exceeds the scope of the Order.

**Paragraph 20:**
We always discussed together after being invited to play dates, dinner with friends, activities to decide whether or not we will attend. Most of the time, we both agreed to go together, <u>but sometimes, I went by myself or with the children only.</u>

**Strike  -** This is neither a specific conversation where Mother relays what Father allegedly said nor is it clearly identified as a private conversation and thus exceeds the scope of the Order.  If the entire paragraph is not stricken, the extraneous statement **"but sometimes, I went by myself or with the children only"** should be stricken.

**Paragraph 26:**
We had many conversations about our life in the United States and it was always positive. <u>We were making friends, and we were getting used to the area.</u>

**Strike - "We were making friends, and we were getting used to the area."** – Not only is this not private, it is not a conversation at all and thus exceeds the scope of the order and should be stricken.

**Paragraph 29:**

We never got to the point of talking about where we would live because we never talked seriously about moving back to Canada after we moved to the US.

**Strike** – This is the absence of a conversation and should have been elicited at trial.

**Paragraph 30:**

Especially after buying our home in Salisbury, going back to Canada was not part of any discussions.

**Strike** – This is the absence of a conversation and should have been elicited at trial.

**Paragraph 32:**

In December 2023, we discussed applying for a green card <u>since we could start the application process 1 year after being resident of the United States. The application had to be sponsored by our employer, and the employer had to submit many business documents before we could officially start the application, which we did in July 2024.</u>

**Strike "since we could start the application process 1 year after being resident of the United States. The application had to be sponsored by our employer, and the employer had to submit many business documents before we could officially start the application, which we did in July 2024."** – Not only is this part not private, it is not a conversation.

**Paragraph 34:**

Since I was the main Visa holder, I had to apply for mine, and once I would have it, we could apply for a green card for my dependents. We both agreed that it was a good idea.

**Strike** – Not only is the first sentence of this paragraph not private, it is not a conversation. There is nothing which identifies the second sentence as being private.

**Paragraph 38:**

I asked him what his plan was and what he wanted to do. <u>He had no plan and didn't know what he wanted.</u>

**Strike – "He had no plan and didn't know what he wanted."** – This is the absence of a conversation and should have been elicited at trial.

**Paragraph 41:**

<u>We didn't talk about moving back to Canada specifically</u>, we talked more about Tommy taking over his family's business. <u>He never told me he wanted to move back to Canada in this conversation or any other discussion around this time.</u>

**Strike "We didn't talk about moving back to Canada specifically" and "He never told me he wanted to move back to Canada in this conversation or any other discussion around this time."** – This is the absence of a conversation and should have been elicited during trial.

**Paragraph 42:**

<u>I encourage him in his plans and I am even willing to contact Wyatt Pepe, one of our acquaintances who does this type of transport, so that Tommy can discuss it with him and see what opportunities he could offer him.</u> Tommy tells me that he does not know exactly where he stands, but that he will think about it.

**Strike "I encourage him in his plans and I am even willing to contact Wyatt Pepe, one of our acquaintances who does this type of transport, so that Tommy**

**can discuss it with him and see what opportunities he could offer him."** – This was not a private conversation and thus exceeds the scope of the Order.

**Paragraph 47:**

Tommy was seeing his family and friends more often, and we were happy to show them our life here in the United States.

**Strike** – Not only is this paragraph not private, it is not a conversation.

**Paragraph 49:**

Tommy made the exportation process for his car and went to register his car at the RMV in May 2024, and stayed registered in Massachusetts till April 2025, 8 months after he had left.

**Strike** – Not only is this paragraph not private, it is not a conversation.

**Paragraph 50:**

We knew our I-94 was good for 2 years, so until November 2024. It was something we had to do, and were going to do since we lived in Massachusetts and our life was here.

**Strike** – Not only is this paragraph not private, it is not a conversation.

**Paragraph 52:**

Tommy has never mentioned to me that he didn't want me to renew my I-94, his or the children's.

**Strike** – This is the absence of a conversation and should have been elicited during trial.

**Paragraph 60:**

<u>Tommy never questioned me about taking money out of the Canadian account until we went to probate court in November 2024.</u> I told him the reason why I transferred the money, and he didn't contest it, he acknowledged, and we never re-discussed it again.

**Strike "Tommy never questioned me about taking money out of the Canadian account until we went to probate court in November 2024."** – Conversations in the Probate Court are not private and thus this sentence should have been elicited during trial.

**Paragraph 61:**

Tommy never discussed with me leaving his job at Dercy Inc.

**Strike** – This is the absence of a conversation and should have been elicited during trial.

**Paragraph 64:**

We never made any arrangements for the kids if that happened, because separation was not in our discussions.

**Strike** – This is the absence of a conversation and should have been elicited during trial.

**Paragraph 65:**

Moving back to Canada was never in our discussions until the week he left.

**Strike** – This is the absence of a conversation and should have been elicited during trial.

**Paragraph 66:**

Divorce was not in our discussions either.

**Strike** – This is the absence of a conversation and should have been elicited during trial.

**Paragraph 67:**

During the summer, Tommy told me 8 of his friends from Canada, including Melanie Groleau, would come to visit to see where we lived, which they did.

**Strike** – This was not a private conversation but, rather, a text message which should have been an exhibit at trial if Mother sought to include this evidence.

**Paragraph 72:**

Before he decided to return to Canada, and after he did so, Tommy never mentioned to me that [M1] should not enroll in Pre-K at Milestones or that we should resign her enrollment.

**Strike** – This is the absence of a conversation and should have been elicited during trial.

**Paragraph 73:**

We never discussed her going to pre-school in Canada or [M2] attending any daycare in Canada.

**Strike** – This is the absence of a conversation and should have been elicited during trial.

**Paragraph 77:**

At that point, he just told me he had changed his mind. He was coming back on Monday the 26th, and was going to pack and leave. <u>He said nothing about me going with him or the children.</u>

**Strike "He said nothing about me going with him or the children."** – This sentence is the absence of a conversation and should have been elicited during trial.

**Paragraph 78:**

We didn't discuss the children going back with him and he didn't tell me about any plans for them to move to Canada.

**Strike** – This is the absence of a conversation and should have been elicited during trial.

**Paragraph 79:**

Tommy didn't ask if he could take the children with him to Canada.

**Strike** – This is the absence of a conversation and should have been elicited during trial.

**Paragraph 80:**

We always had the intention to stay in Massachusetts, at least, that is what he made me believe, until his intention drastically changed and he only told me about it when it was already done.

**Strike** – This not a conversation and there is nothing in this paragraph which identifies a specific conversation or that such a conversation was private.

**Paragraph 81:**

On August 26th, 2024, Tommy messaged me in the morning to let me know he was bringing M2 back and would drop her off at her daycare. Then he would come to the house to pick up his belongings and leave.

**Strike** – This was not a private conversation but, rather, a text message which should have been an exhibit at trial if Mother sought to include this evidence.

**Paragraph 82:**

I asked him if he could stay at least one night for us to talk and so [M1] could see him as well and he accepted. He arrived at the house with his father and I went to see them right away, still couldn't believe he was really leaving, but his father was ignoring me, and Tommy didn't say anything either.

**Strike "He arrived at the house with his father and I went to see them right away, still couldn't believe he was really leaving, but his father was ignoring me, and Tommy didn't say anything either."** – The presence of Tommy's father means this is not a private conversation and thus should have been offered at trial.

**Paragraph 86:**

I told him I couldn't believe what he was telling me, because it sounded like excuses and he didn't have anything to say.

**Strike** – This is not a private conversation between the parties but, rather a statement Mother claims she made, not something the Father said to her and therefore is inadmissible hearsay and should be stricken.

**Paragraph 87:**

He never asked me to go back to Canada with him or for the girls to go back with him

in August 2024, or ever.

**Strike** – This is the absence of a conversation and thus ought to have been elicited at trial.

**Paragraph 88:**
He asked how we would arrange the parenting schedule and also mentioned that he didn't think it was good for them to go to Canada every time to see him, since it was a lot of driving time and he didn't believe it was in their best interest, and I agreed.

**Strike** – This was not a private conversation but, rather, a text message which should have been an exhibit at trial if Mother sought to include this evidence.

**Paragraph 89:**
I told him that he was more than welcome anytime to come visit them, that I believed it was necessary for them to have their father in their life.

**Strike** - This is not a private conversation between the parties but, rather a statement Mother claims she made, not something the Father said to her and therefore is inadmissible hearsay and should be stricken.

**Paragraph 90:**
In the morning of August 27th, 2024, Tommy left Salisbury, MA on his motorcycle to officially move back to Canada.

**Strike** – This is not a conversation and therefore exceeds the scope of the order and should be stricken.

**Paragraph 92:**

He offered to help me with the mortgage and daycare if I needed to, and said he was going to help if necessary. At first, I told him I was going to be alright for the first month, knowing that he was leaving, <u>I had paid our mortgage, and the daycare for a month in advance, to give us some time to breathe and not worry about finance.</u>

**Strike "I had paid our mortgage, and the daycare for a month in advance, to give us some time to breathe and not worry about finance."** – Not only is this part of the sentence not private, it is not a conversation and therefore should be stricken.

**Paragraph 96:**

After his departure, he never mentioned to me looking for a daycare for [M2] or a school for M1 to go to. I saw that he filed for custody later in the divorce proceeding, and for the children to move back to Canada, but he had never discussed it with me.

**Strike** – This is the absence of a conversation and ought to have been elicited at trial.

**Paragraph 97:**

On August 28th, 2024, I was worried about going to Canada for the weekend with the children since Tommy's father had mentioned he was ready to do anything to make me lose what I had.

**Strike** – Not only was this not private, it is not a conversation with the Father and therefore should be stricken as Mother could have offered this at trial and is also hearsay.

**Paragraph 98:**

I informed Tommy that I had reached out to the embassy, Canadian law force and a Canadian attorney as well as Salisbury police dept. And a US attorney, and they suggested not to.

**Strike** – Mother's statement to Father exceeds the scope of the order and what the other individuals referenced in this paragraph to mother is inadmissible hearsay so the paragraph should be stricken.

**Paragraph 99:**

I told him why I was scared of going to Canada for the weekend with the children and asked him if he wanted to come to Salisbury for the weekend instead. That he could sleep in the girls bedroom with one of them and I'd sleep with the other one in our room.

**Strike** – Again these are all of Mother's statements to Father and therefore inadmissible hearsay.

**Paragraph 100:**

He then asked me to think about it a little more, that he would have preferred for us to go to Canada like we originally planned to. <u>(When we were still a family, not separated and that he had not left us.)</u>

**Strike – (When we were still a family, not separated and that he had not left us).** This part of the paragraph is not a conversation and thus exceeds the scope of the order and should be stricken.

**Paragraph 103:**

On September 4th, 2024, He let me know he has the intention of coming to spend the weekend of the 7th in Massachusetts with us to see the girls.  <u>It is also the day that I filed for divorce, because I knew he was not coming back to live with us and our marriage had ended.</u>

**Strike - It is also the day that I filed for divorce, because I knew he was not coming back to live with us and our marriage had ended.**  This sentence is not a conversation and thus exceeds the scope of the order and should be stricken.

**Paragraph 104:**

On September 7th, in the morning, he texted me, and we exchanged messages throughout the day after he mentioned that he could not find his passport and therefore could not come down to see his daughters as planned.

7:01 a.m.

Tommy: "Good morning, I barely slept last night, and I can't find my passport. I'll let you know later when I'll be ready to leave."

Stacy: "Good morning, okay, let me know."

8:48 a.m.

Stacy: "So?"

10:00 a.m.

Tommy: "Haven't found it yet."

11:34 a.m.

Tommy: "I just found it... At the time it is now, I'd like to come down only next weekend, and I'd try to come down for an extra day too... It's about 12 hrs on the road so... Could we facetime today or tomorrow?"

Stacy: "No problem with facetime, either tonight before dinner or tomorrow around 8 a.m. And about next week, I'm sorry but I don't think it will be possible unfortunately, so I don't know if you prefer to head over here now and maybe stay until Monday

early morning ..."

Tommy: "Why is it not going to be possible?"

Stacy: "Simply because we already have plans made and it won't be possible."

3:19 p.m.

Tommy: "Tomorrow 8 a.m. for the facetime will work if that's ok."

Stacy: "No problem, so I understand you aren't coming down." (left unanswered)

**Strike** – This was not a private conversation but, rather, a text message which should have been an exhibit at trial if Mother sought to include this evidence.

**Paragraph 105:**

After that discussion, I let him know that he had access to the children fully, but since he decided to leave, I couldn't revolve my life around him either.

**Strike** – This was not a private conversation but, rather, a text message which should have been an exhibit at trial if Mother sought to include this evidence.

**Paragraph 106:**

I was ready to accommodate the best that I can, but if he willingly decided not to come visit them when he was supposed to, I couldn't always keep changing my plans to accommodate him.

**Strike** – Not only is this not identified as private, it is not a conversation and thus exceeds the scope of the order.

**Paragraph 107:**

In October 2024, I asked Tommy if he could help me to make the mortgage payment and maybe help with some bills and daycare, as he had mentioned to me being willing to help me when he had left in August and financially, <u>I was beginning to struggle</u>

<u>since he wasn't helping at all. Tommy refused.</u>

**Strike** – This was not a private conversation but, rather, a text message which should have been an exhibit at trial if Mother sought to include this evidence.
Or alternatively, **Strike "I was beginning to struggle since he wasn't helping at all. Tommy refused."** – Again this is not a private conversation and thus exceeds the scope of the order.

**Paragraph 108:**
I then asked him if it was possible for him to sign the payment deferral form for the mortgage with me, to at least have that payment deferred. Again, he refused.

**Strike** – This was not a private conversation but, rather, a text message which should have been an exhibit at trial if Mother sought to include this evidence.

**Paragraph 109:**
That is when I decided to file in the probate court of MA for a temporary order to be ordered for child support, because he was not helping me at all since he had left, and it was getting harder and he was not willing to take care of his children in any way.

**Strike** – This is not a conversation and thus exceeds the scope of the order.

      Wherefore, the above referenced paragraphs should be stricken from Mother's Affidavit on account of Mother's failure to follow the limited instructions in the order. Further Mother should be ordered to re-file her Affidavit with the above referenced paragraphs being deleted and with her amended affidavit being properly redacted.

Dated: August 14, 2025

Respectfully submitted.
Tommy Giguere,
By his Attorney,

**/s/Wendy O. Hickey**
Wendy O. Hickey, Esq., BBO#657457
Stephanie L. Curtin (BBO#693877)
Brick, Jones, McBrien & Hickey LLP
250 First Avenue, Suite 201
Needham, MA 02494
617-494-1227
whickey@brickjones.com
scurtin@brickjones.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of August, 2025, I served a copy of the foregoing upon the Respondent pursuant to Standing Order 4-20 via electronic mail upon his attorney of record: Brian Waller, Esq. (brian@turcolegal.com) Turco Legal, P.C., 250 Commercial St Suite 200, Worcester, MA 01608.

**/s/Wendy O. Hickey**