UNITED STATES DISTRICT COURT
For the DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:25-CV-10468-IT

TOMMY GIGUERE,
    PETITIONER

v.

STACY TARDIF,
    RESPONDENT

# AFFIDAVIT OF PETITIONER PURSUANT TO MEMORANDUM AND ORDER REGARDING MARITAL DISQUALIFICATION

In lieu of my oral testimony regarding conversations between myself and Stacy Tardif as well as in response to the Affidavit of Respondent Pursuant to Memorandum and Order Regarding Marital Disqualification, I submit this affidavit at the Court's request. I, the undersigned, Tommy Giguere, of my own personal knowledge, on oath depose and state as follows:

1. In or around March 2023, when Stacy and I began the process of selling our house in Canada, I expressed to her that it was important to me that our family have our own space. I emphasized that I wanted a place that was not constantly intruded upon by her parents and siblings, who had unrestricted access to the apartment we were living in. We briefly discussed the option of renting versus buying and agreed that renting didn't make much sense given the prices we had

researched. We came to the conclusion that it would be a better option to buy a house, even if it's only for a temporary period. In this discussion, I agreed that we should remain in the US until November 2024.

2. In or around March 2024, after the girls had fallen asleep and while Stacy and I were in the car driving from Quebec to Massachusetts, following crossing the U.S. border, I expressed in detail my unhappiness in the U.S. We discussed moving back to Canada because I was not happy living in the U.S., missed my friends and family, and stated I want us to return to Canada in November 2024 as I agreed in March 2023 Stacy repeated to me that we will always be Canadian and that it was still possible for us to return to Canada at any moment if we wish. I told her that I spoke with my father about my taking over his business, which I had no interest in, but that my father could help me start a new business in Canada. I agreed with Stacy that I would not begin either of these processes until closer to November 2024 as I previously committed to. Stacy asked if I might change my mind if I enjoyed the summer. I responded that this was unlikely, but that we could revisit the conversation closer to November 2024.

3. Over the next few months, Stacy regularly raised the topic with me of staying in Massachusetts longer than November. Each time I told her I had not changed my mind and wanted us to return when our I94 numbers expired.

4. One day in early August, 2024, when Stacy and I were alone in her office she told me that Michelle did not have any space for M1 for the coming school year and we would have to enroll her in a pre-school. We discussed that we still planned to return to Quebec in November. But agreed to enroll M1 in Milestones Preschool so she would have a place to attend from September until November.

5. On August 26, 2024, while at the house in Massachusetts and after the girls had gone to sleep, I confronted Stacy about a $10,000 withdrawal she had made from our joint bank account in Quebec. She stated it was her money, that she was within her rights to take it, and refused to discuss it further. I once again brought up the topic of wanting the girls to return to Canada with me, which she was not agreeable to. That same night, she also suggested we should look into divorce mediation in Canada and asked me to look over it to find a lawyer for it. We made arrangement for the Labor day weekend that was coming up. Stacy was supposed to spend the weekend in Quebec, and let the girls stay with me in Canada for the whole weekend

6. On August 28, 2024, we had a phone call and Stacy told me she would not be returning to Canada. She also said she would not visit over the following weekend because she feared I might take the girls and keep them in Canada. She stated she had spoken with an attorney in Canada and had been advised

that her case should be handled in the U.S. rather than in Canada, so she no longer wanted to participate in mediation in Canada.

7. On January 5, 2025, when I returned the girl after my weekend and they were playing in the living room, Stacy challenged me about whether I was in a new relationship because some of her family members saw my car at a friend's house near their home. I denied this accusation. I explained to her that she was an old friend, that she already knew her, that she was my actual hairdresser and that there was nothing more at that time. I returned her the same question, to which she replied that she was seeing someone, but that this was not really a relationship. In fact, I saw her new boyfriend truck parked in front of the house Thursday at night, when my daughters were present, just before my parenting weekend I then reminded her of our agreement that if we did not enjoy living in the U.S., we would return to Canada. She responded that she was happy with her life now, that the girls will remain in the US with her and that her decision to remain in the U.S. would not change, regardless of my opinion about it.

Signed under the penalties of perjury this 14th day of August, 2025

*Tommy Giguere*
ID jbdbehMMyyv5WQeAQCDvYxNd

Tommy Giguere

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of August, 2025, I served a copy of the foregoing upon the Respondent pursuant to Standing Order 4-20 via electronic mail upon his attorney of record: Brian Waller, Esq. (brian@turcolegal.com) Turco Legal, P.C., 250 Commercial St Suite 200, Worcester, MA 01608.

**/s/Wendy O. Hickey**

## eSignature Details

**Signer ID:**     **jbdbehMMyyv5WQeAQCDvYxNd**
Signed by:     Tommy Giguere
Sent to email:     tommgiguere1991@gmail.com
IP Address:     142.169.18.129
Signed at:     Aug 14 2025, 9:38 am EDT