UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Tommy Giguere,

    PETITIONER

        v.

Stacy Tardif,

    RESPONDENT

Civil Action No. 1:25-CV-10468-IT

**RESPONDENT'S MOTION TO STRIKE
PETITIONER'S AFFIDAVIT (DOC. NO. 49)**

NOW COMES Respondent, Stacy Tardif, (or "Mother") by and through counsel, and respectfully requests that this Honorable Court strike the Petitioner's affidavit, purportedly filed pursuant to the Court's Memorandum and Order Regarding Marital Disqualification (Doc. No. 46).

Petitioner's affidavit should be stricken in its entirety because it attempts to introduce new information that the Petitioner (or "Father") could have offered at trial. Father was allowed to testify nearly unimpeded by objections, and thus had wide latitude to present his case. The minimal objections were deliberate on the part of Respondent in the interest of efficiency and expediency, and in keeping with the goal of resolving Hague Convention custody proceedings on an accelerated timeline.[1]  Further, ICARA contemplates a more relaxed approach to evidence admissibility in support of resolving such cases quickly. *See* 42 U.S.C. § 11605.

---

[1] See Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980, Art. 11.

Mother incorrectly presumed that Father sought a speedy ruling on his Complaint and that he would proceed in a similar fashion during Respondent's testimony. To be clear, Respondent did not expect the hearings to be an evidentiary free-for-all, however, objections based on marital privilege or marital disqualification were completely unexpected given the nature of the proceedings, as well as the sheer volume of evidence proffered by the Petitioner in pleadings and testimony that would have been subject to the same privilege or disqualification.

It should not be lost that the only reason Mother filed an affidavit regarding discussions between her and the Respondent was because Father objected to her testimony regarding discussions between the parties.  Father's entire Complaint is based on the premise (and his allegation) that the parties had an agreement to return to Canada at any moment at either party's request, and that he allegedly told the Respondent that he wanted to return to Canada in August 2024. (see e.g. Doc. No. 1-7, ¶7, ¶21, ¶35, ¶42; Doc. No. 11-1 ¶10, ¶14, ¶33). The Petitioner relied on his own statements regarding discussions between the parties to support his Complaint and in opposition to Respondent's Motion to Dismiss. After Father testified regarding these conversations, he objected to Mother testifying about her side of these same discussions that lie at the heart of his Complaint.

The Petitioner now attempts to have another bite at the apple with his own affidavit. Father's affidavit is not fashioned as a response to Mother's affidavit as contemplated by the Order (Doc. No. 46).  Rather, it attempts to introduce brand new information that has never been offered previously by the Petitioner in any form, and wholly unrelated to any statement is Mother's affidavit. (e.g., Doc. No. 49, ¶7).

In the event the Court is not inclined to strike Petitioner's affidavit in its entirety, certain statements and paragraphs should be stricken as detailed further below. It is notable that many of the statements in Father's affidavit suffer from the same alleged defects that Father argued as the basis to strike many statements from Respondent's affidavit. For example, Father begins Paragraph 1 with, "[i]n or around March 2023, when Stacy and I began the process of selling our house in Canada…". This statement is technically outside the scope of the order in that it does not relate to a private conversation between the parties, although it provides helpful context and is not prejudicial to either party. Father moved to strike similar statements from Mother's affidavit, such as Respondent's parents' offer for the parties to reside in their Haverhill apartment for up to a year as part of their relocation to the United States. Even though this was stipulated as an uncontested fact (see Doc. No. 33, ¶28), Father objected to inclusion of this fact as context in Respondent's affidavit. (Pet. Mot. To Strike, p. 3, "Paragraph 12:").

Petitioner also moved to strike many statements from Mother's affidavit on the basis that the testimony could have been elicited at trial. Respondent strongly disagrees based on the repeated objections based on marital privilege or disqualification, however, it is difficult to find any statement in Petitioner's affidavit that could not have been offered in his testimony. As has become the recurring theme in Petitioner's approach to this case, the objections to Mother's statements or testimony should apparently not apply to the Petitioner. *Cf. Serra* v. *Quantum Servicing, Corp.*, 747 F.3d 37, 40 n.2 (1st Cir. 2014) (noting that "counsel in glass houses ought not throw stones").

If Petitioner's affidavit is not stricken in totality, Respondent moves to strike the following statements:

Paragraph 1: The entirety of this paragraph is repetitive of Father's trial testimony, cumulative, and does not purport to respond to any statements within Respondent's affidavit.

Paragraph 2: The entirety of this paragraph is either repetitive of testimony of Petitioner that was elicited at trial or testimony that Petitioner could have offered at trial. Respondent notes that the Father moved to strike certain statements from the Mother's affidavit as hearsay where she recounted her side of conversations. Father's statement beginning with "I told her…" would be considered hearsay under Father's theory, however, Mother does not object on that basis.

Paragraph 3: This should be stricken as cumulative and repetitive.

Paragraph 4: This paragraph should be stricken as it attempts to offer brand new information not previously offered in any affidavit or testimony by Petitioner, in what appears to be an attempt to resolve inconsistencies in his prior pleadings and testimony.

Paragraph 5: The first section of this paragraph (first two sentences) attempts to bolster Petitioner's trial testimony, and is not responsive to any statements in Respondent's affidavit and thus outside the scope of the order. The remainder of this paragraph is cumulative of Petitioner's testimony and prior affidavits.

Paragraph 6: This paragraph is cumulative and repetitive of Petitioner's trial testimony.

Paragraph 7: This should be stricken as irrelevant and unresponsive to any statement in Respondent's affidavit. This paragraph offers new information that could have been elicited at trial, though would have been objected to based on relevance at trial as well.

Overall, the Petitioner's affidavit reiterates his trial testimony and attempts to get the last word on certain interactions between the parties. In the interest of fairness and based on the fact that Father's affidavit does not purport to respond to statements in Mother's affidavit, the entirety of Father's affidavit should be stricken.

Respondent was permitted the opportunity to submit an affidavit to remedy the exclusion of her testimony at trial regarding conversations between the parties. The Petitioner wielded his side of those (alleged or actual) conversations in furtherance of his Complaint at every step, but sought to prevent Mother from having an equal opportunity to testify as to her side of those conversations or whether the alleged conversations actually happened. Father now seeks to further capitalize on this gamesmanship with an affidavit that is outside the scope of the order and full of the same alleged defects to which he objected in Mother's affidavit.

The Respondent cannot continue to litigate this matter and does not wish to extend these proceedings, however, if Petitioner's affidavit is not stricken in whole or in relevant part, she would need to cross-examine the Petitioner as to certain of his statements. It has become painfully obvious that Father seeks to extend this matter as long as possible and force Mother into financial submission rather than advance his Hague Convention action in good faith.

If the Court grants Respondent's Motion to Strike Petitioner's Affidavit, she respectfully requests leave to file a Motion for Attorney's Fees and Costs incurred in responding to Father's Motion to Strike Respondent's affidavit and in filing her Motion to Strike Petitioner's affidavit.

Respectfully submitted.

                                      Stacy Tardif,
                                      by her Attorney,

Date: August 15, 2025                             /s/ Brian Waller
                                      Brian Waller, BBO #685672
                                      Turco Legal, P.C.
                                      29 Water Street, Suite 301
                                      Newburyport, MA 01950
                                      (978) 225-9030
                                      brian@turcolegal.com

## CERTIFICATE OF SERVICE

**The undersigned hereby certifies** that a true copy of the within Respondent's Motion to Strike Petitioner's Affidavit was this day served upon Petitioner by electronic mail to Wendy Hickey and Stephanie Curtin, Attorneys for Petitioner, of Brick, Jones, McBrien & Hickey LLP, 250 First Ave., Suite 201, Needham, MA 02494 wendy@brickjones.com and stephanie@brickjones.com.

SIGNED under the penalties of perjury.

Dated: August 15, 2025                       /s/ Brian Waller
                                          Brian Waller