# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Tommy Giguere,

      PETITIONER

           Civil Action No. 1:25-CV-10468-IT

    v.

Stacy Tardif,

      RESPONDENT

## RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO STRIKE PARAGRAPHS FROM RESPONDENT'S AFFIDAVIT (DOC. NO. 48)

NOW COMES Respondent, Stacy Tardif, ("Mother") by and through counsel, in opposition to Petitioner's Motion to Strike certain portions of Respondent's Affidavit filed pursuant to the Court's Memorandum and Order Regarding Marital Disqualification (Doc. No. 46).

As a preliminary matter, the Petitioner (or "Father") fails to cite any Federal Rule of Evidence or case law in support of his motion to strike, or to provide the specific legal basis on which certain of the objected-to statements should be precluded from admission. This leaves Mother in the position of arguing against generalized, wholesale characterizations of certain statements in her affidavit. In keeping with the spirit of the intended expedited nature of a Hague Convention custody proceeding, Respondent offers her opposition without seeking clarification from the Petitioner as to the underlying legal basis of Petitioner's motion.

There are no specific rules regarding admissibility of affidavits in Hague Convention proceedings, however, Fed. R. Civ. P. 56(c)(4) is instructive as to the

requirements of affidavits in the context of summary judgment. "An affidavit or declaration […] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated[,]" Fed. R. Civ. P. 56(c)(4), and courts may strike portions of affidavits not based on personal knowledge of an event. See *Facey* v. *Dickhaut*, 91 F. Supp. 3d 12, 20 (D. Mass. 2014).

Many of the statements that Father moves to strike are cumulative to other testimony or prior affidavits filed in this matter, or uncontested facts. In the interest of time and cost, and in an effort to hopefully bring these proceedings to a close expediently, Mother has voluntarily agreed to strike certain paragraphs or statements from her Amended Affidavit filed herewith despite her belief that the statements were appropriately included to provide necessary context. Some of these statements were supported by uncontradicted testimony of both parties or even included in the Stipulation of Uncontested Facts. Even though some of these statements were objective facts and prejudicial to neither party, Respondent has stricken them from her Amended Affidavit rather than further argue the issue.

Mother's opposition to the specific paragraphs that Petitioner moves to strike from her affidavit generally fall into three categories, as follows:

A. The statement could not have been introduced at trial as it would have been objected to as violating the marital privilege or subject to marital disqualification.

B. The statement is an undisputed fact.

    C. The statement recounts a conversation between the parties, which falls squarely within the scope of the Court's order giving rise to Mother's affidavit.

The Petitioner would like to exclude some of Mother's statements as hearsay, such as things that Mother told Father in the course of their conversations (e.g. objection to ¶97, ¶99). Father is again selectively using this argument as a sword and a shield. Father freely recounts conversations with the Respondent in his affidavits filed previously in this matter (see e.g. Doc. No. 1-7, Father's Affidavit (Ex. 5 to Complaint to Return Minor Children to Canada, ¶21)). Father uses the exact same language in his affidavit filed contemporaneously with his Motion to Strike ("I told her…", Doc. No. 49, ¶2) that he also requests the Court to strike from the Mother's affidavit. Father's repeated efforts to exclude the Respondent's statements and testimony, without regard to whether those statements are even material or prejudicial, has served only to further extend these proceedings and force the Respondent to incur significant additional costs.

Father does not seem interested in an expedited and fair resolution to this matter. Rather, he appears to be intent on maximizing the cost to Mother while selectively applying rules when it benefits him and inhibits the Respondent's ability to present her case. Father believes that "[t]he mother's status in the USA is also dependent on her capacity to be financially autonomous, which she is not considering her limited pay, thereby potentially risking her legal status and that of the children." (Doc. No. 1-7, ¶62). Father is well aware of the financial toll this is taking on the Mother, thus objecting to immaterial and non-prejudicial statements may simply be part of a calculated effort to financially destabilize the Respondent in

the hopes that it may limit her ability to remain in the United States no matter the outcome in the instant matter.

The Respondent provides her response to each of the enumerated paragraphs to which Father objects below:

| Paragraph | Basis for Opposition | Comments |
|---|---|---|
| 2. | | Voluntarily removed, though not prejudicial. |
| 3. | | Voluntarily removed, though not prejudicial. |
| 11. | A – trial objection | Respondent would not have been permitted to answer this line of questioning if asked at trial: Q. Before moving to the United States, did you and Tommy discuss when you might move back to Canada? |
| 12. | B – undisputed fact | See Stip. Of Uncontested Facts ¶28. This statement was included to provide context for the subsequent statements. |
| 15. | | Voluntarily removed, though not prejudicial. |
| 17. | B – undisputed fact | See Stip. Of Uncontested Facts ¶35 (different wording, but not prejudicial). This statement was included to provide context for the subsequent statements. |
| 20. | | Reworded to address objection. |
| 26. | | Voluntarily removed the final sentence, which was outside the scope of the order. |
| 29. | A – trial objection | Respondent would not have been permitted to answer this line of questioning if asked at trial: Q. After purchasing your home in Salisbury, did you and Tommy discuss where you might live if you moved back to Canada? |
| 30. | A – trial objection | See response to ¶29. |
| 32. | | Voluntarily removed the portion of the statement noted by Petitioner as outside the scope of the order. |
| 34. | | Reworded to address objection. |
| 38. | | Reworded to address objection. |

| Paragraph | Basis for Opposition | Comments |
|---|---|---|
| 41. | A – trial objection | Respondent would not have been permitted to answer this line of questioning if asked at trial: Q. In this conversation (in March 2024), did you talk about moving back to Canada? |
| 42. | C – private conversation | This is the continuation of the conversation from ¶41. A third-party is mentioned in the statement, however, this was a private conversation between the parties. |
| 47. |  | Voluntarily removed, though not prejudicial. |
| 49. |  | Voluntarily removed, outside the scope of the order. |
| 50. |  | Voluntarily removed, outside the scope of the order. |
| 52. | A – trial objection | Respondent would not have been permitted to answer this line of questioning if asked at trial: Q. Did Tommy tell you (in March 2024), that he did not want you to renew the I-94 numbers? |
| 60. |  | Voluntarily removed the portion of the statement noted by Petitioner as outside the scope of the order. |
| 61. | A – trial objection | Respondent would not have been permitted to answer this line of questioning if asked at trial: Q. Did you and Tommy have a conversation about him leaving his job with Dercy Inc.? [note: this statement is also consistent with Petitioner's trial testimony, thus not prejudicial]. |
| 64. | A – trial objection | Respondent would not have been permitted to answer this line of questioning if asked at trial: Q. Did you and Tommy talk about what would happen with the kids if he moved back to Canada? |
| 65. | A – trial objection | Respondent would not have been permitted to answer this line of questioning if asked at trial: Q. Before Tommy left to return to Canada, did the two of you ever discuss moving back to Canada? |

| Paragraph | Basis for Opposition | Comments |
|---|---|---|
| 66. | A – trial objection | Respondent would not have been permitted to answer this line of questioning if asked at trial: Q. Before Tommy left to return to Canada, did the two of you ever discuss divorce? |
| 67. | C – private conversation | This was a conversation between the parties. |
| 72. | A – trial objection | Respondent would not have been permitted to answer this line of questioning if asked at trial: Q. Before Tommy left to return to Canada, did he tell you he tell you MG1 should not enroll in Pre-K in the US? Did he ever tell you that after he left? |
| 73. | A – trial objection | Respondent would not have been permitted to answer this line of questioning if asked at trial: Q. When you were enrolling MG1 in Pre-K at Milestones, did you ever have any discussion about MG1 attending Pre-K in Canada? Did you talk about MG2 attending daycare in Canada? K in the US? |
| 77. | A – trial objection | Respondent would not have been permitted to answer this line of questioning if asked at trial: Q. When Tommy told you he was moving back to Canada, did he talk about you or the kids going with him? |
| 78. | A – trial objection | Respondent would not have been permitted to answer this line of questioning if asked at trial: Q. When Tommy told you he was moving back to Canada, did he talk about wanting the girls to move to Canada with him? |
| 79. | A – trial objection | Respondent would not have been permitted to answer this line of questioning if asked at trial: Q. When Tommy told you he was moving back to Canada, did he ask if he could take the girls back to Canada with him? |
| 80. |  | Voluntarily removed, though this statement is cumulative of other statements. |
| 81. | C – private conversation | This statement is recounting private communications between the parties. |

| Paragraph | Basis for Opposition | Comments |
|---|---|---|
| 82. | | Voluntarily removed the portion of the statement noted by Petitioner as outside the scope of the order. |
| 86. | C – private conversation | This was a conversation between the parties. |
| 87. | A – trial objection | Respondent would not have been permitted to answer this line of questioning if asked at trial: Q. When Tommy told you he was moving back to Canada, did he talk about you or the kids going with him? |
| 88. | C – private conversation | This was a conversation between the parties. |
| 89. | C – private conversation | This was a conversation between the parties. |
| 90. | B – undisputed fact | See Stip. Of Uncontested Facts ¶50. This statement was included to provide context for the subsequent statements. |
| 92. | C – private conversation | This was a conversation between the parties. Slightly reworded to address objection. |
| 96. | A – trial objection | Respondent would not have been permitted to answer this line of questioning if asked at trial: Q. After Tommy moved back to Canada, did he tell you about looking for daycare or preschool for the girls? |
| 97. | | Slightly reworded to address objection. Voluntarily removed the portion of the statement noted by Petitioner as outside the scope of the order. |
| 98. | | Reworded to address objection. |
| 99. | C – private conversation | This was a conversation between the parties. |
| 100. | | Voluntarily removed the portion of the statement noted by Petitioner as outside the scope of the order. |
| 103. | | Voluntarily removed the portion of the statement noted by Petitioner as outside the scope of the order. |

| Paragraph | Basis for Opposition | Comments |
|---|---|---|
| 104. | C – private conversation | This statement is recounting private communications between the parties. Voluntarily removed second part of paragraph, outside the scope of the order. |
| 105. | C – private conversation | This was a conversation between the parties. |
| 106. |  | Voluntarily removed, outside the scope of the order. |
| 107. |  | Voluntarily removed the portion of the statement noted by Petitioner as outside the scope of the order. |
| 108. | C – private conversation | This was a conversation between the parties. |
| 109. |  | Voluntarily removed, outside the scope of the order. |

    Mother's affidavit was necessary solely as a result of Father's efforts to prevent her from testifying about the same conversations he has repeatedly and freely relied upon in his affidavits and testimony. Father now seeks to limit Mother's curative affidavit to exclude certain statements based on further evidentiary objections, while failing to apply those same rules to his own affidavit. Father's selective and hypocritical approach serves only to extend these proceedings and further delay final resolution of this matter. Father does not seem to be impeded by time or cost, and seems to lack urgency in concluding these proceedings. It is reasonable to conclude that Father's goal has nothing to do with this Court's determination as to the proper forum to determine custody of the minor children but instead to inflict as much financial damage to Mother as possible.

    While Mother does not waive any of her rights to offer further testimony or cross-examine Father, further litigation or hearings over evidentiary matters that may have no bearing on the final outcome do nothing but deepen the financial hole in which Mother now finds herself.  Mother respectfully requests that the Court decide the pending motions on the papers and without further hearings or testimony if possible.

WHEREFOR, the Respondent respectfully requests that this Honorable Court DENY the Petitioner's Motion to Strike and ALLOW the entirety of Respondent's Amended Affidavit filed herewith. The Respondent further requests that she be permitted to file a Motion for Attorney's Fees and Costs incurred in opposing Father's Motion to Strike.

Respectfully submitted.

Date: August 15, 2025

Stacy Tardif,
by her Attorney,

_____
Brian Waller, BBO #685672
Turco Legal, P.C.
29 Water Street, Suite 301
Newburyport, MA 01950
(978) 225-9030
brian@turcolegal.com

## CERTIFICATE OF SERVICE

**The undersigned hereby certifies** that a true copy of the within Respondent's Opposition to Petitioner's Motion to Strike Paragraphs from Respondent's Affidavit and AMENDED Affidavit of Respondent was this day served upon Petitioner by electronic mail to Wendy Hickey and Stephanie Curtin, Attorneys for Petitioner, of Brick, Jones, McBrien & Hickey LLP, 250 First Ave., Suite 201, Needham, MA 02494 wendy@brickjones.com and stephanie@brickjones.com.

SIGNED under the penalties of perjury.

Dated: August 15, 2025

_____
Brian Waller