UNITED STATES DISTRICT COURT
For the DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:25-CV-10468-IT

TOMMY GIGUERE,
    PETITIONER

v.

STACY TARDIF,
    RESPONDENT

## PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO STRIKE PETITIONER'S AFFIDAVIT

NOW COMES Petitioner, Tommy Giguere ("Father"), by and through counsel, and opposes Respondent, Stacy Tardif's ("Mother") Motion to Strike Petitioner's Affidavit.

AS RESONS Father states the following:

1. As previously discussed during the trial, Father testified to conversations between the Parties where he had either laid a foundation that others were present or where his counsel would have been able to lay such a foundation in the event of an objection because they were operating on the belief that husband and wife conversations were disqualified.

2. This Court's August 11, 2025 Memorandum and Order permits the Father to respond with his own affidavit detailing private husband and wife conversations which is exactly what he did. While Father disagrees with Mother's interpretation of the order, in fact nearly every paragraph of Father's Affidavit responded to one or more paragraphs in Mother's Affidavit anyway as set forth below:

    a. Paragraph 1 of Father's Affidavit responds to Paragraphs 16 and 18 of Mother's Affidavit.

    b. Paragraph 2 of Father's Affidavit responds to Paragraphs 36-43 of Mother's Affidavit.

    c. Paragraph 3 of Father's Affidavit responds to Paragraphs 43 – 52 of Mother's Affidavit.

    d. Paragraph 4 of Father's Affidavit responds to Paragraph 71 of Mother's Affidavit.

    e. Paragraph 5 of Father's Affidavit responds to Paragraphs 82, 83 and 92 of Mother's Affidavit.

    f. Paragraph 6 of Father's Affidavit responds to Paragraphs 97-100 of Mother's Affidavit.

3. In light of the changed evidentiary ruling, Father understands the order to permit both parties to offer evidence of private conversations which would have been testified to at trial but was not on account of the disqualification. Although Mother seems to suggest her lack of objections was intentional during Father's testimony, Father operated on the assumption that he could only testify to conversations which were not disqualified by the rules and conducted himself accordingly.[1]

4. Father followed the letter of the order when filing his Affidavit and each of the paragraphs in his relatively short affidavit specifically describes private conversations between the parties including timeframe and location of the parties and describes the conversation. Father did not add extraneous paragraphs which were not conversations, nor did he attempt to state which conversations were not held on belief that such testimony could have been elicited at trial.

5. Mother, on the other hand, continues to try to add additional evidence by stating certain conversations did not occur, an issue which continues throughout

---

[1] Father agrees with Mother's statement that ICARA contemplates a relaxation of certain evidentiary issues. However, that does not mean the rules of evidence do not apply. In practical application it means, for example, one does not have to get certified translations of documents being offered unless there is an issue with regard to a translation – this is why most of the translated documents in evidence were done using Google Translate.

her Amended Affidavit. The proper way to elicit such evidence at trial was for counsel to inquire whether Mother heard the Father testify to a certain statement, and inquire of Mother whether such event happened or whether such statement was ever made or what happened instead. Mother elected not to follow up on that testimony during the trial and ought not to be doing so now as it exceeds the scope of the August 11th order.

6. Furthermore, Mother's motion to strike continues to conflate trial testimony and documentary evidence with other pleadings filed in the case. Pleadings are not evidence. The only affidavits considered by this court as part of the trial record are those filed in response to the August 11, 2025 Memorandum and Order.

7. Finally, Mother is seeking fees for her motion to strike and seems to have no recognition that Father's motion to strike her affidavit resulted in Mother filing an Amended Affidavit in which she <u>voluntarily</u> struck at least a portion of twenty-five (25) paragraphs from her original affidavit. Her actions speak louder than words and her request for legal fees should be deined.

Dated: August 18, 2025

Respectfully submitted.
Tommy Giguere,
By his Attorney,

**/s/Wendy O. Hickey**
Wendy O. Hickey, Esq., BBO#657457
Stephanie L. Curtin (BBO#693877)
Brick, Jones, McBrien & Hickey LLP
250 First Avenue, Suite 201
Needham, MA 02494
617-494-1227
whickey@brickjones.com
scurtin@brickjones.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 18th day of August, 2025, I served a copy of the foregoing upon the Respondent pursuant to Standing Order 4-20 via electronic mail upon his attorney of record: Brian Waller, Esq. (brian@turcolegal.com) Turco Legal, P.C., 250 Commercial St Suite 200, Worcester, MA 01608.

**/s/Wendy O. Hickey**