UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOMMY GIGUÈRE, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *   Civil Action No. 1:25-cv-10468-IT |
| | * |
| STACEY TARDIF, | * |
| | * |
| Respondent. | * |

## JUDGMENT

TALWANI, D.J.

After consideration of all the evidence including testimony and exhibits and all reasonable inferences drawn therefrom, and as set forth in detail in the court's Findings of Fact and Conclusions of Law [Doc. No. 56], the court concludes that Respondent Stacy Tardif's conduct constitutes a wrongful retention of the minor children MG1 and MG2 (the "Children") in the United States within the meaning of Article 3 of the Hague Convention on the Civil Aspects of International Child Abduction. At the time of the wrongful retention, Petitioner Tommy Giguere was exercising lawful rights of custody under the laws of Quebec, Canada. Respondent did not prove that Petitioner consented to or acquiesced to the Children remaining in Massachusetts beyond August 28, 2024.

Accordingly, the court enters this Judgment, effective immediately, for the return of the Children to Canada for a custody adjudication to proceed in the appropriate Canadian court.

- No later than September 2, 2025, Respondent shall return the Children to Quebec, Canada, or shall provide Petitioner with the Children's passports and allow him to take temporary custody of the Children so that he may return the Children to Quebec, Canada,

where either party may file an action to address custody of the Children on a temporary and permanent basis.

- Until further orders are entered by a Canadian court of competent jurisdiction, neither party shall apply for or facilitate the issuance of any passports or other immigration related paperwork for the Children or remove the Children from Canada.

- The proceedings in Essex Probate and Family Court, Docket No. 24D-1750 DR, which have been stayed, shall continue to be stayed pending an order from a court of competent jurisdiction in Quebec.

- Respondent is hereby restrained from initiating or maintaining any further legal proceedings within the United States concerning the Children, including but not limited to proceedings in any Massachusetts court relating to the Children or Petitioner, until such time as a court in Quebec has made a custody determination, except that this order does not limit Respondent's right to appeal this Judgment.

- Certified copies of this Judgment shall be provided to counsel for Petitioner, who shall transmit the same to the U.S Department of State acting as the USA Central Authority and Office of Passport Policy and Advisory Services, 1111 19th Street, N.W., Suite 260, Washington, D.C. 20522-1705, and to the appropriate Canadian authorities.

- Petitioner's request for fees and expenses, see Affidavit of Fees and Expenses [Doc. No. 40], remains under advisement.

IT IS SO ORDERED.

August 26, 2025                    /s/ Indira Talwani
                                   United States District Judge