UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOMMY GIGUÈRE, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *   Civil Action No. 1:25-cv-10468-IT |
| | * |
| STACEY TARDIF, | * |
| | * |
| Respondent. | * |

ORDER DENYING MOTION TO STAY

September 1, 2025

TALWANI, D.J.

Pending before the court is Respondent Stacy Tardif's Motion to Stay the Judgment [Doc. No. 58]. For the following reasons, the motion is DENIED.

**I.     Background**

On August 26, 2025, the court entered Judgment [Doc. No. 57] granting Petitioner Tommy Giguère's Verified Complaint for Return of Minor Children to Canada Pursuant to the Applicable Hague Convention [Doc. No. 1]. The Judgment required the return of the parties' minor children, MG1 and MG2 ("the Children"), to Canada for a custody adjudication to proceed in the appropriate Canadian court and that, "[n]o later than September 2, 2025, Respondent shall return the Children to Quebec, Canada, or shall provide Petitioner with the Children's passports and allow him to take temporary custody of the Children so that he may return the Children to Quebec, Canada, where either party may file an action to address custody of the Children on a temporary and permanent basis." Judgment 1–2 [Doc. No. 57]. The Judgment left in place through September 2, 2025, the temporary custody arrangements agreed to by the parties in the proceedings initiated by Respondent in Essex Probate and Family Court, No. 24D-1750 DR.

At 3:51 p.m., on Friday, August 29, 2025, Respondent filed the pending motion and shortly thereafter filed her Notice of Appeal [Doc. No. 61] of this court's Judgment. Respondent's motion made no mention of any scheduled parenting time for the Labor Day Weekend. Just after 5:00 p.m., the court directed Petitioner to file a response and temporarily stayed the return of the Children for one week to allow the court time to consider the motion. Elec. Order [Doc. No. 62]. On August 31, 2025, Petitioner filed his Opposition [Doc. No. 63]. Petitioner opposes the motion on the merits of a stay, and states further that: he filed a custody petition with the court in Quebec, Canada, on August 29, 2025; he was scheduled to have parenting time with the children in Canada on August 29, 2025, at 4 p.m.; and MG1 is registered to start Kindergarten in Quebec on September 2, 2025. Id. at 1–2.

## II. Standard of Review

In a case under the Hague Convention, the "the well-being of a child is at stake," and the court must therefore "apply the four traditional stay factors in considering whether to stay a return order. Chafin v. Chafin, 568 U.S. 165, 179 (2013) (citing Nken v. Holder, 556 U.S. 418, 434 (2009)). In determining whether the circumstances warrant a stay, courts consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken, 556 U.S. at 434 (internal citations omitted). "A stay is not a matter of right, even if irreparable injury might otherwise result," and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433–434 (internal citations omitted).

"The first two factors . . . are the most critical. It is not enough that the [applicant's] chance of success on the merits be better than negligible." Id. at 434 (internal quotations and citation omitted). Similarly, "simply showing some possibility of irreparable injury fails to satisfy the second factor." Id. at 434–35 (internal quotations and citation omitted). Courts assess the harm to other interested parties and weigh the public interest "[o]nce an applicant satisfies the first two factors[.]" Id. at 435.

### III.    Discussion

#### A.    Respondent Has Made No Showing of a Likelihood of Success on Her Appeal

Following an evidentiary hearing, the court issued its 34-page Findings of Fact and Conclusions of Law [Doc. No. 56], making numerous factual findings (including credibility determinations) based on the parties' stipulations, hearing exhibits, and testimony. See id. at 2–21. Respondent's motion ignores those findings, and instead recites her version of events, even where the court resolved those facts against her.

Based on its factual findings, and looking at the totality of the circumstances, the court concluded that the Children's habitual residence as of August 28, 2024, was Canada. Id. at 25-31. The court found as to Respondent's affirmative defenses that Petitioner consented to the family residing in the United States only on a trial basis, id. at 31, and that Respondent had failed to meet her burden to demonstrate Petitioner's acquiescence in her retention of the Children in the United States, id. at 31–33. Respondent's motion does not argue that the court applied the wrong legal standard and simply asserts that the court's findings are in error.

In sum, Respondent has made no showing that she is likely to succeed on appeal.

#### B.    Respondent Will Not Be Irreparably Injured Absent a Stay

Respondent argues that there will be "extraordinary harm to [herself]" absent a stay and that a "forced move at this time would cause disruption in . . . [her] life." Mot. 15 [Doc. No. 58].

Respondent has made no showing of irreparable injury. Respondent is a citizen of Canada with only non-resident status in the United States. See Findings & Conclusions 2, 4 [Doc. No. 56]. Respondent's extended family resides in Canada, and she has returned to Quebec for most major holidays and returned on average once every three weeks prior to the improper retention of the Children in August 2024. See id. at 2, 14. Respondent works for her parents' company, which is based in Canada, id. at 3, and she has not disputed that, should she choose to return to Canada with the Children, she could continue the bulk of her current work remotely from there, see id. at 16 n.10.

In addition, return of the Children neither moots Respondent's appeal of this court's Judgment that a Canadian court should decide custody issues, see Chafin, 568 U.S. at 176, nor decides the custody issues, which will be before a Canadian court, see Mendez v. May, 778 F.3d 337, 343 (1st Cir. 2015) (citations omitted).

Respondent therefore has not shown that she would face irreparable harm absent a stay of the Judgment.

    **C.**    **Issuance of the Stay is Not in the Children's Interest**

Respondent also argues that there will be extraordinary harm to the Children absent a stay and that a forced move would cause disruption in their lives. Mot. 15 [Doc. No. 58]. As is the case for Respondent, the Children's extended family (on both sides) resides in Canada, and the Children have returned to Quebec for most major holidays and returned on average once every three weeks prior to the improper retention of the Children in August 2024. See Findings & Conclusions 2, 14 [Doc. No. 56]. In addition, the Children have continued to spend time with Petitioner in Canada since August 2024 pursuant to the parties' Agreement for Temporary Orders. See Hr'g Ex. 103. For these reasons, while the move to Canada will undoubtedly present some disruption to the Children as any move would, Respondent has made no showing that the

move is not in the Children's interest. To the contrary, as set forth in Petitioner's opposition, a stay pending appeal will interfere with MG1's scheduled start of Kindergarten in Quebec on September 2, 2025. See Opp. 3, 14 [Doc. No. 63].

### D. Public Interest

Finally, Respondent does not address the public interest factor. Instead, she references the jurisdiction of the Massachusetts Probate and Family Court and the parties' temporary custody agreement, see Mot. 15–16 [Doc. No. 58], which have no bearing on the consideration before the court. The public interest lies with the "prompt[] return[]" of the Children as required by the Hague Convention and ICARA. See 22 U.S.C. § 9001(a)(4); see also Mendez, 778 F.3d at 343 ("the Convention commands that the court reviewing the petition 'shall order the return of the child forthwith[]'") (citation omitted).

### IV. Conclusion

For the foregoing reasons, Respondent's Motion to Stay [Doc. No. 58] is DENIED. To ensure no further disruption of MG1's entry to Kindergarten in Quebec, Canada, at the earliest time that the parties can make appropriate arrangements, and in all events no later than September 9, 2025, as previously permitted by the court, see Elec. Order [Doc. No 62], Respondent shall return the Children to Quebec, Canada, or shall provide Petitioner with the Children's passports and allow Petitioner to take temporary custody of the Children so that he may return the Children to Quebec, Canada, where Petitioner has filed an action to address custody of the Children.

IT IS SO ORDERED.

September 1, 2025            /s/ Indira Talwani
                             United States District Judge