UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

Tommy Giguere,

      PETITIONER

        v.

Stacy Tardif,

      RESPONDENT

Civil Action No. 1:25-CV-10468-IT

---

**RESPONDENT'S OPPOSITION TO
PETITIONER'S AFFIDAVIT OF FEES AND COSTS
IN CONNECTION WITH 42 U.S.C. 11607(b)(3) (DOC. NO. 40)**

---

NOW COMES Respondent, Stacy Tardif, ("Mother") by and through counsel, in opposition to Petitioner's Affidavit of Fees and Costs in Connection with Retention of Children in Massachusetts Pursuant to Hague Convention on Civil Aspects of Child Abduction Article 26 and ICARA 42 U.S.C. 11607(b)(3)[1] (Doc. No. 40).

## LEGAL FRAMEWORK

22 U.S.C. § 9007(b)(3) provides that "[a]ny court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of

---

[1] This citation references the prior version of the United States Code. This section is now 22 U.S.C. § 9007(b)(3), which is otherwise identical to the section referenced by Petitioner.

proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate."

In reviewing a request for an award of fees and costs to a petitioner, the First Circuit has observed, "preserving the ability of a respondent to care for her child is an important factor to consider. We also read the statute as giving the district court broad discretion in its effort to comply with the Hague Convention consistently with our own laws and standards. Finally, it is clear from the statute that the respondent has the burden to establish that a fee/expense order would be clearly inappropriate." *Whallon* v. *Lynn*, 356 F.3d 138, 140 (1st Cir. 2004).

Respondent respectfully requests that Petitioner's request for an award of counsel fees and costs be DENIED for the reasons detailed below.

**I.    Petitioner's Request for Fees Must Fail on Procedural Grounds.**

The Petitioner ("Father") has not complied with F.R.C.P. 54(d)(2)(A), which requires that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Further, the Petitioner has not "specif[ied] the judgment and the statute, rule, or other grounds entitling [Petitioner] to the award" as required by F.R.C.P. 54(d)(2)(B)(ii).

**A. Petitioner Failed to Provide Sufficient Detail in his Affidavit of Fees.**

The Petitioner filed an initial Affidavit of Fees and Costs on July 23, 2025, and then a Supplemental Affidavit of Fees and Costs on September 3, 2025. The materials provided as attachments to both affidavits lack any level of detail that

would permit the Mother, or the Court, to assess the fees and costs for reasonableness. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley* v. *Eckerhart*, 461 U.S. 424, 433 (1983).

An award of attorney's fees is typically calculated using the lodestar method. This first requires calculating the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Next is a determination of a reasonable hourly rate, often benchmarked to the prevailing rates in the community for lawyers of like qualifications, experience, and competence. The product of the hours reasonably worked times the reasonable hourly rates comprises the lodestar. *Central Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emplr.* v. *Ray Haluch Gravel Co.*, 745 F.3d 1, 5 (1st Cir. 2014)

The Petitioner has simply failed to provide any details from which a reasonable fee could be calculated. There is not a single mention of the hourly rate or the number of hours expended by Father's counsel in Massachusetts or in Canada. No contemporaneous time records are provided. Further, Petitioner seeks reimbursement for costs expended related to trial, including hotel and mileage costs for his travel. No further details for these travel costs are provided (except as to mileage), therefore, it is impossible to determine if these additional costs include meals or discretionary expenses that should be excluded on any other basis.

"[I]t would be clearly inappropriate to grant an award of attorney's fees and costs as Petitioner has not presented adequate evidence to substantiate such a request […]." *East Sussex Children Servs.* v. *Morris*, 919 F. Supp. 2d 721, 734 (N.D. W.Va. 2013). As Petitioner has failed to support his affidavits with details necessary to determine the reasonableness of costs sought to be reimbursed, his request for an award of fees and costs must be denied.

## II.    The Petitioner Seeks Reimbursement for Travel to Visit Children.

In his initial Affidavit of Fees and Costs, the Petitioner included Exhibit 1, "Mileage Calculation," and Exhibit 2, "Hotel Costs to Spend Time with Children." While Father's calculation of mileage for his travel to visit the minor children provides the dates of travel, mileage, and rate per mile, he fails to cite any legal basis for the reimbursement of travel expenses to visit children before or during the pendency of a petition filed pursuant to the Hague Convention.

With the exception of the first trip listed on August 26, 2024 of Exhibit 1, all of the travel was done pursuant to voluntary agreements between the parties. Nearly all of these trips were governed by formal temporary orders entered in the Massachusetts divorce action, and others were informal agreements in the absence of a formal custody agreement. Mother could not have known at the time that Father was incurring the costs to see the children that he intended to mount a collateral attack on jurisdiction of the Massachusetts courts, or that she could later be ordered to pay for such travel.

It is notable that Father included a request for reimbursement of travel expenses for a visit on the weekend of October 25, 2024. This visit was after the

"one weekend in September" (see Doc. No. 56, Findings of Fact and Conclusions of Law, p.20;32) covered by the first temporary order, and prior to the November 22, 2024 temporary order that was in effect at the time of trial. Father has asserted that Mother refused to allow him to take the minor children out of the country without a written agreement or "agreeing to her demands" (Hearing Ex. 105 ¶8), however, the parties exchanged the children halfway between Quebec and Massachusetts that day, and Father does not seek reimbursement for hotel costs for that date. This pattern is consistent with Petitioner's other monthly visits with the minor children in Canada.[2]

In any event, Petitioner's visits with the children should not be subject to reimbursement by Respondent as they were voluntarily agreed by the parties and the result of a valid Massachusetts court order negotiated between the parties and their respective counsel. Nowhere in the parties' agreement does it permit for either party to seek reimbursement of travel expenses to or from Canada related to implementing the parenting schedule. Petitioner's request for reimbursement of his travel expenses should be denied with prejudice.

### III.  An Award of Fees Would be Clearly Inappropriate.

"The district court has the duty, under [22 U.S.C. § 9007(b)(3)], to order the payment of necessary expenses and legal fees, subject to a broad caveat denoted by the words, "clearly inappropriate." ... We ... read the statute as giving the district

---

[2] The Agreement of the Parties dated November 21, 2024, incorporated into a Temporary Order in the divorce action on December 2, 2024 (Black, J.), provides for Petitioner to have parenting time with the children on alternating weekends, with one weekend per month in Canada.

court broad discretion in its effort to comply with the Hague Convention consistently with our own laws and standards." *Ozaltin* v. *Ozaltin*, 708 F.3d 355, 375 (2nd Cir. 2013), citing *Whallon* 356 F.3d at 140. "Accordingly, a prevailing petitioner in a return action is presumptively entitled to necessary costs, subject to the application of equitable principles by the district court. Absent any statutory guidance to the contrary, the appropriateness of such costs depends on the same general standards that apply when 'attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion.' *Fogerty* v. *Fantasy, Inc.*, 510 U.S. 517, 534 (1994)." "There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the [relevant] considerations." *Id.* (internal quotation marks omitted in original).

### B. Equitable Considerations

It would be inequitable, and thus clearly inappropriate, to order Mother to pay Father's attorney's fees and costs in this matter based on an objective review of each party's actions. The parties moved together to the United States in 2022 and lived there together as a family until August 2024 when Father returned to Canada alone. Father expected Mother to leave "right away" with the children, with no planning or advance notice, despite her full-time employment in the United States, on which both parties were dependent as their sole source of income. (Doc. No. 1-7, ¶20-21). While living in the United States, the parties sold their home in Quebec, moved all of their possessions to the United States, and purchased a home in Salisbury, MA.

At no time since the parties left Canada has Mother acted in bad faith or withheld the children from Father. Father's own "Mileage Calculation" lists the frequent and consistent visits between the petitioner and the minor children, and does not include the visits for which the Respondent provided transportation of the minor children to Canada meaning that there were additional visits with the children outside of those listed by Father.

This is not a case where a respondent left a country surreptitiously without the consent of the opposing party. The parties jointly moved to the United States, established their life in Massachusetts, and until Father demanded that the children return to Canada, the parties, including Father, carried on their day-to-day activities in the United States. This included their employment, daycare for the children, medical care, dining, shopping, and the like.

Further, the Respondent was at all times abiding by the parties' mutual written agreements in the Massachusetts divorce case and Father has not claimed that he was deprived of any rights under those agreements. Father has not filed any enforcement action related to any order or agreement in the divorce matter simply because both parties have complied with the terms of their written agreements and court orders.

It was not until March 3, 2025, when the Respondent was served with the Petitioner's Complaint for Return of the Minor Children to Canada, that she had any indication that Father intended to challenge the jurisdiction of the Massachusetts courts over the parties' divorce, including custody of their minor

children. At no time prior to that did Father object to Massachusetts resolving custody and division of the marital estate.

It would be inequitable for Mother to now be ordered to pay Father's counsel fees when she could not have known that there was the potential for a separate, collateral attack on resolving the contested issues in Massachusetts. Father never notified Mother of the possibility that he would file a case in Federal court, and the Respondent was unaware of the Hague Convention until after she was served with Petitioner's complaint.

Father has recast the history of the parties' relocation to the United States, sale of their home in Quebec, and purchase of a home in the United States as being only temporary, and has managed to paint Mother as somehow having the foresight to take certain actions that could be considered favorable to her in a future proceeding.[3] At no time has Father argued that there was a larger scheme by Mother to abscond with the minor children to the United States over more than three years of mutual planning by the parties to relocate and actually living together in the United States. All of the legal fees incurred by both parties in this matter are rooted in Father changing his mind about living in the United States, and his expectation that Mother and the children could return to Canada on a moment's notice based on his unilateral change of heart.

---

[3] The Court found that there was a relationship between completion of a Canadian Tax Residency determination form (NR-73) and Father's registration of his vehicle in Massachusetts, and implies that there was a prescient, and nefarious purpose for both. (See Doc. No. 56, p.10-12).

In sum, it would be inequitable to shift the responsibility for payment of Father's counsel fees and costs to Mother. Mother was simply maintaining the status quo by living in the marital home that the parties purchased nearly a year earlier, and continuing to work in her full-time employment that was the reason for moving to the United States in the first place. The parties both actively participated in the Massachusetts divorce, and Mother had a good faith basis in believing that Father would honor his agreements in that proceeding, especially in light of the fact that he never directly challenged jurisdiction in Massachusetts. To further penalize Mother for providing stability and consistency for the children in their Massachusetts home, while acting under valid orders and agreements issued in the divorce case, would simply add insult to the emotional injuries she has already suffered.

Respondent maintains that she has never deprived the Petitioner of access to the children, and Respondent does not claim this. Petitioner is seeking to be reimbursed for the costs he incurred to change to a forum that he apparently hopes will be more favorable to him after the parties had both actively participated in the Massachusetts divorce proceedings for nearly six months. It is ironic that a primary goal of the Hague Convention is "to restore the status quo prior to any wrongful removal or retention, and to deter parents from engaging in international forum shopping in custody cases," yet it is difficult to characterize this action as anything other than forum shopping by Father. *Karkkainen* v. *Kovalchuk,* 445 F.3d 280, 287 (3rd Cir. 2006) (see also *Baxter* v. *Baxter*, 423 F.3d 363, 367 (3d Cir. 2005).

The Petitioner chose this course of action and as a result, both parties have incurred significant legal expenses. Mother has simply sought to maintain the status quo, residing in the marital home that the parties purchased in Salisbury, MA, in the area that the parties resided together for nearly two years before Father demanded that the family return to Canada.

Mother's actions did not "run counter to the Convention's purpose of deterring child abductions by parents who attempt to find a friendlier forum for deciding custodial disputes." *Abbott* v. *Abbott*, 560 U.S. 1, 20 (2010). In fact, it was the Petitioner who sought a different forum for determination of custody. The Respondent sought adjudication of the parties' divorce in the forum that is proper (Massachusetts), and a forum that Father willingly submitted to the jurisdiction of. The sole reason that the Petitioner (and Respondent) incurred significant legal fees and costs was Father's desire to change forums, presumably to one more favorable to him and where he could undo the agreements that he voluntarily entered into. Mother should not be responsible for, or bear the cost of, Father's change of legal strategy after he willingly, and actively, participated in the Massachusetts divorce for nearly six months.

In consideration of all of the circumstances of this case, including Mother's good faith belief that Massachusetts is the proper forum to litigate the parties' divorce, including custody, and Father's willing and active participation the Massachusetts proceedings, an award of attorney's fees and costs to the Petitioner here would be clearly inappropriate. Further, an award of attorney's fees would not serve as a deterrent to future litigants, as she was not on notice of her alleged

'unlawful retention' of the children in Massachusetts until she was served with Father's Complaint for Return of the Minor Children to Canada. Mother did not seek an advantage in any particular court or country, she simply filed for divorce where the parties lived with their children for nearly two years.

WHEREFORE, the Respondent respectfully requests that this Honorable Court DENY the Petitioner's Affidavit of Fees and Costs (Doc. No. 40) and Petitioner's Supplemental Affidavit of Fees and Costs (Doc. No. 67) with prejudice.

Respectfully submitted.

Date: September 8, 2025

Stacy Tardif,
by her Attorney,

_____
Brian Waller, BBO #685672
Turco Legal, P.C.
29 Water Street, Suite 301
Newburyport, MA 01950
(978) 225-9030
brian@turcolegal.com

## CERTIFICATE OF SERVICE

**The undersigned hereby certifies** that a true copy of the within Respondent's Opposition to Petitioner's Affidavit of Fees and Costs and Petitioner's Supplemental Affidavit of Fees and Costs were this day served upon Petitioner by electronic mail to Wendy Hickey and Stephanie Curtin, Attorneys for Petitioner, of Brick, Jones, McBrien & Hickey LLP, 250 First Ave., Suite 201, Needham, MA 02494 wendy@brickjones.com and stephanie@brickjones.com.

SIGNED under the penalties of perjury.

Dated: September 8, 2025                                    _____
                                                            Brian Waller