UNITED STATES DISTRICT COURT
For the DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:25-CV-10468-IT

TOMMY GIGUERE,
     PETITIONER

v.

STACY TARDIF,
     RESPONDENT

**PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO PETITIONER'S AFFIDAVIT OF FEES AND COSTS IN CONNECTION WITH 42 U.S.C. § 11607(b)(3)**

Now comes the Petitioner, Tommy Giguere ("Father"), and replies to

Respondent, Stacy Tardiff ("Mother"), Opposition to his request for fees and costs

pursuant to Article 26 of the Hague Convention and ICARA 22 U.S.C. §9007(b)(3)[1].

In connection with his initial Petition for Return of the Children pursuant to

the Hague Convention on Civil Aspects of International Abduction, Father sought an

award of attorneys fees and costs.  Along with his proposed judgment, Father

submitted his initial Affidavit of Legal Fees and Costs to further preserve his right to

seek fees.  Father's expectation at the time was that a separate hearing would be set on

the issue of fees and costs during which time evidence of the fees and costs would be

presented.  Where the court chose an alternative method for entertaining the request,

---

[1] Father acknowledges Mother is correct that the citation for ICARA (The International Child Abduction Remedies Act) did change.

Father now submits the CV of his lead counsel (Exhibit 1) together with the invoices reflecting the legal fees and costs incurred in connection with this action charged by Brick, Jones, McBrien & Hickey LLP, his Massachusetts counsel in connection with this action (Exhibit 2).  These invoices contain an itemized detail of the work performed with a time-keeping system kept on a contemporaneous basis, who performed the work, their hourly rates and the amount of time spent.  Each invoice contains certain no-charge items and/or a percentage based courtesy adjustment to the bill[2].    Father believes the fees charged by his counsel are commensurate with the fees charged by other attorneys with similar education, training and experience.  In addition to the time charged, these invoices also include the following expenses which Father believes he should, at the very least, be reimbursed for:

| Date | Expense Incurred | Total |
|---|---|---|
| 2/26/25 | Filing Fee | $405.00 |
| 3/5/25 | Process Server | $300.00 |
| 6/25/25 | Stenographer for Deposition and transcript | $1,540.59 |
| 7/15/25 7/16/25 7/21/25 | Parking at Court | $294.00 |
| 7/22/25 | Expedited certified translations of tax documents as requested by the court during day 1 of trial | $1,235.00 |
| | Total Costs paid through BJMN | $3,774.59 |

---

[2] Given the timing involved, the time for day III of trial was initially estimated on the invoice dated July 22, 2025 and later billed on the August 1, 2025 invoice as a no charge item, even to the extent the actual time spent was greater than the estimate.

Father also submits herewith the invoices reflecting the legal fees and costs incurred in Canada on account of his Hague Petition with Lavery (Exhibit 3), costs for translation for his initial application through the Central Authority with Facture (Exhibit 4), and his hotel receipts (Exhibit 5).

"The District Court as the court ordering the return of the child, is responsible in the first instance for determining what costs, if any, should be assessed against [the respondent], with respect to both the District Court and [any] Court of Appeals Proceedings." Hollis v. O'Driscoll, 739 F.3d 108, 113 (2nd Cir. 2014) (citing Ozaltin v. Ozaltin, 708 F.3d 355, 377 (2d Cir. 2013), as explaining, "[T]he District Court is in a better position to assess . . . an appropriate fees award.") The First Circuit has explained that "under §11607(b)(3), the district court 'has a duty … to order the payment of necessary expenses and legal fees, subject to a broad caveat denoted by the words, 'clearly inappropriate.''" Whallon v. Lynn, 356 F.3d 138, 140 (1st Cir. 2004).

A review of the case law suggests the Circuit Courts have provided some guidance on considerations for the District Courts to weigh in connection with a request for fees and expenses in Hague convention cases. "First, where the respondent 'is not blameless for the current state of affairs,' the Tenth Circuit Court of Appeals held that an award of fees and expenses is not "clearly inappropriate." West v. Dobrev, 735 F3d 921, 933 (10th Cir. 2013).

In this instance, no one can say that the Mother is not blameless for the current state of affairs. The Parties brought their children to Massachusetts on a trial basis on

a non-immigrant E2 visa. Although the Father expressed his concerns as early as March 2023, they took steps to make their presence here more comfortable for the remainder of the time until the expiration of the i94 numbers in November 2024 which Father had committed to. However, when it came time to finalize the return plans, Father went back to Quebec to make the necessary arrangements at Mother's suggestion. Once Father was back in Quebec to solidify plans, Mother liquidated the Parties' joint bank account, prepaid their September expenses, filed for divorce in Massachusetts, and then asserted that Father could not take the children to Quebec without a written stipulation filed in her Massachusetts divorce action. In other words, but for Mother's actions, Father would not be in this situation out nearly two hundred thousand dollars in legal fees and costs which he has had to borrow and is expected to repay. Thus, Father has met his burden of showing Mother is not blameless for the current state of affairs.

The next factor to consider is whether a fee award "might be excessive and an abuse of discretion if it prevents the respondent-parent from caring for the child." Whallon v. Lynn, 356 F.3d 138, 139 (1st Cir. 2004). In this case, Mother's divorce related Financial Statement Form was an exhibit at trial laying out Mother's income and assets (Petitioner's Ex. 6). In addition, there was testimony the Father pays temporary child support as ordered by the divorce judge and that Mother's company pays a portion of the Children's daycare expenses as well as Mother's Massachusetts health insurance and that of the children. Furthermore, daycare expenses in Quebec

are only a fraction of the cost in Massachusetts. Ordering legal fees and costs will not prevent the Mother from caring for the Children, especially where Father is not looking to be paid in cash at this time but, rather, out of Mother's equity in their jointly owned Townhouse. But, failing to order Mother to contribute to his Fees and costs will be detrimental to the Father and will have an impact on his ability to care for the children during his parenting time. This is especially true where the litigation is ongoing in the Appeals Court and elsewhere.[3]. Mother has changed counsel and seems to have an ongoing appetite for incurring and paying legal fees in this action.

Mother's position that Father's costs for visiting the children are not costs which fall within the meaning of Article 26 and ICARA is misplaced. But for Mother's refusal to allow the Children to return to Quebec, Father would not have incurred such expenses. Further Mother had sole control over Father's need to expend funds on hotel rooms – she surely could have vacated their joint property spending one weekend each month two doors down at her parents' Townhouse permitting Father to enjoy a weekend with the children in the parties' jointly owned Townhouse. Instead, she changed the locks, excluded him from the property and demanded he spend time with the children in a hotel costing him $2,744 USD and $696.48 CAD.

---

[3] Mother has now returned to Quebec with the children and both parties have filed competing custody actions in Quebec, but Mother is still seeking a stay of the judgment of this court pending her appeal and the Appeals Court just entered an order requiring further briefing on the request this week in light of Mother's return to Quebec.

Further, Father and his father had to travel from Quebec to Boston for trial in order to testify and participate in the proceedings. The trip is approximately five hours each way and returning home each evening was not possible thus necessitating a hotel room during trial. The hotel charges for the trial stay were $616.39 USD as set forth on Exhibit 2 to Father's initial Affidavit of Fees and Costs.

The Court has discretion to determine what, if any legal fees and costs ought to be awarded to Father. This is not an all or nothing prospect. The Court, in its discretion, has the power to reduce the fees requested, order reimbursement of costs only, order something in between, or order nothing. This is not a case where nothing should be ordered. There were multiple places in the Findings where the Court found Mother's evidence not to be credible. Article 26 of the Convention and ICARA contemplate an award of fees when children are ordered returned for a reason – to discourage the kind of behavior which necessitates such a case in the first place.

Accordingly, Father's request for an award of fees and costs should be granted.

Dated: September 15, 2025                     Respectfully submitted.
                                              Tommy Giguere,
                                              By his Attorney,

                                              /s/Wendy O. Hickey
                                              Wendy O. Hickey, Esq., BBO#657457
                                              Stephanie L. Curtin (BBO#693877)
                                              Brick, Jones, McBrien & Hickey LLP
                                              250 First Avenue, Suite 201
                                              Needham, MA 02494
                                              617-494-1227
                                              whickey@brickjones.com
                                              scurtin@brickjones.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of September, 2025, I served a copy of the foregoing upon the Defendant pursuant to Standing Order 4-20 via electronic mail upon his attorney of record: Brian Waller, Esq. (brian@turcolegal.com) Turco Legal, P.C., 250 Commercial St Suite 200, Worcester, MA 01608.

/s/Wendy O. Hickey