**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 1:25-CV-10468-IT**

TOMMY GIGUÈRE,

Petitioner

v.

STACY TARDIF,

Respondent

**RESPONDENT'S OPPOSITION TO PETITIONER'S SECOND SUPPLEMENTAL AFFIDAVIT OF FEES AND COSTS IN CONNECTION WITH 42 U.S.C. § 11607(B)(3)**

NOW COMES Respondent, Stacy Tardif ("Mother"), by and through counsel, in OPPOSITION to Petitioner's Second Supplemental Affidavit of Fees and Costs in Connection with Retention of Children in Massachusetts Pursuant to Hague Convention on Civil Aspects of Child Abduction Article 26 and ICARA, 42 U.S.C. § 11607(b)(3) (Doc. No. 81).

Respondent respectfully requests that Petitioner's request for an award of counsel fees and costs be DENIED for the reasons set forth below.

**LEGAL FRAMEWORK**

22 U.S.C. § 9007(b)(3) provides that a court ordering the return of a child "shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, *unless* the respondent establishes that such order would be clearly inappropriate."

The statute thus requires two distinct inquiries: first, whether the claimed item is actually a necessary expense of the Hague return action; and second, whether an award would nonetheless be clearly inappropriate.

The "clearly inappropriate" standard is "highly fact specific" and involves an equitable balancing of several factors, including financial circumstances. De Souza v. Negri, No. CIV.A. 14-13788-DJC, 2015 WL 727934, at *2 (D. Mass. Feb. 19, 2015).

The First Circuit has recognized that the district court retains broad discretion in determining whether and to what extent an award is clearly inappropriate, and that preserving the respondent's ability to care for the child is an important factor under that analysis. Whallon v. Lynn, 356 F.3d 138, 140 (1st Cir. 2004).

## ARGUMENT

### I. An Award of Appellate Attorney's Fees Would Be Clearly Inappropriate Because It Would Impose Substantial Financial Hardship on Respondent and Impair Respondent's Ability to Care for the Children.

The Court has broad discretion in its effort to comply with the Hague Convention consistently with our own laws and standards. Ozaltin v. Ozaltin, 708 F.3d 355, 375 (2d Cir. 2013) (citing Whallon, 356 F.3d at 140). A prevailing petitioner in a return action is presumptively entitled to necessary costs, subject to the application of equitable principles by the district court. The appropriateness of such costs depends on the same general standards that apply when "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). There is no precise rule or formula for making these determinations; rather, equitable discretion should be exercised in light of the relevant considerations. Id. The financial circumstances of the respondent are an important

factor for the court to consider, specifically as they relate to a parties' ability to provide care to the children. Whallon, 356 F.3d at 139.

Father seeks in his second supplemental affidavit an additional $75,886.21 for fees and costs incurred in connection with the parties' appellate matter. In total, Father is seeking fees from Mother in the amount of $304,004.43 USD and $28,230.89 CAD[1]. These amounts would cause undue financial hardship for the Mother, who lacks the ability to pay fees.

Mother's gross weekly income is $942.31 per week, and her weekly expenses are $1,410.34, meaning that her ordinary expenses substantially exceed her income. Mother also has more than $160,000 in liabilities and no liquid resources from which she could pay the attorney's fees requested[2].

In contrast, Father earns more than Mother and has significantly lower weekly expenses. This hardship is compounded by the fact that Father has paid no child support to Mother since September 2025, and Mother has borne the full costs of the marital home since August 2024, including the mortgage, taxes, and HOA fees.

Moreover, an award of fees would undermine her ability to maintain her housing, and meet the day-to-day expenses of the children. See Whallon, 356 F.3d at 139; Norinder v. Fuentes, 657 F.3d 526, 536 (2d Cir. 2011).

That inequity is compounded by Father's requested method of payment.

---

[1] The Mother incorporates by reference the first Opposition to Petitioners Request for Attorney's Fees and Costs filed by her on September 8, 2025.

[2] It should be noted that the parties are in the middle of a divorce action in Massachusetts and custody action in Canada and Father is seeking to leverage an award of fees to financially wipe out the Mother in the divorce proceedings.

In Father's Affidavit, he admits that Mother does not have the funds on hand and asks the Court to satisfy any award from her equity in the Salisbury townhouse. In substance, Father seeks to impose a fee award against the very home in which Mother lives and from which she provides stability for the children. Under these circumstances, such an award would be inequitable and therefore inappropriate. Hirts v. Hirts, 152 F. App'x 137 (3d Cir. 2005); Olson v. Olson, 2014 WL 1278654 (M.D. Tenn. 2014).

## II. Mother Had a Good-Father Basis to Litigate Custody in Massachusetts.

Further, the primary goal of the Hague Convention is "to restore the status quo prior to any wrongful removal or retention, and to deter parents from engaging in international forum shopping in custody cases,". Karkkainen v. Kovalchuk, 445 F.3d 280, 287 (3rd Cir. 2006) (see also Baxter v. Baxter, 423 F.3d 363, 367 (3d Cir. 2005).

This matter presented a most unusual set of circumstances. Mother's conduct did not run contrary to the purpose of the Hague Convention, such that an award of any fees would be clearly inappropriate. Abbott v. Abbott, 560 U.S. 1, 20 (2010). This was not a case of a secret flight or a parent absconding with the children. The family moved to Massachusetts together, sold their Quebec home, purchased their Salisbury home, moved their belongings to Massachusetts, and established their day-to-day life here before the marriage broke down. The parties arranged employment, daycare, medical care, banking, tax filing, and housing in Massachusetts as part of that move. Mother's actions therefore did not run counter to the Convention's purpose.

Mother had a reasonable basis to believe that Massachusetts would remain the forum for resolving custody issues. That good-faith belief is relevant to the Court's equitable analysis of

whether a fee award would be clearly inappropriate. Ozaltin v. Ozaltin, 708 F.3d 355 (2d Cir. 2013).

The Father accepted service in the Massachusetts divorce on October 11, 2024, filed an answer and counterclaim, filed his own temporary-orders motion, and entered into the November 21, 2024 Agreement for Temporary Orders under which Mother had primary physical custody of the children.

The Father never directly challenged Massachusetts jurisdiction in the divorce case and instead filed the Hague application only after those custody arrangements were in place. At no time before then did Father object to Massachusetts resolving custody and division of the marital estate. Accordingly, Mother had a good-faith basis to believe that the parties' custody dispute was being litigated in Massachusetts until Father chose to pursue a separate federal Hague proceeding.

Further, Respondent was at all times abiding by the parties' mutual written agreements in the Massachusetts divorce case, and Father has not claimed that he was deprived of any rights under those agreements. In these circumstances, it would be inequitable to shift Father's fees to Mother.

It was the Father who sought a different forum for determination of custody after willingly and actively participating in the Massachusetts divorce for nearly six months. Mother should not be responsible for, or bear the cost of, Father's change in legal strategy after he had already submitted to the jurisdiction of the Massachusetts court. In consideration of all the circumstances of this case, including Mother's good-faith belief that Massachusetts was the proper forum in which to litigate the parties' divorce, including custody, and Father's willing and

active participation in the Massachusetts proceedings, an award of attorney's fees and costs to Petitioner would be clearly inappropriate.

## III. <u>The Second Supplemental Affidavit Includes Entries that are Not Recoverable Under § 9007(b)(3) Because They Do Not Reflect Necessary Expenses of the Hague Action.</u>

Section 9007(b)(3) authorizes recovery only for necessary expenses incurred during the courts of proceedings in the action. The Father's own Second Supplemental Affidavit of Fees and Costs includes time spent by Father's attorney in connection with the divorce and custody proceedings in courts apart from his action under the Hague Convention, and these should be excluded. <u>Neves v. Neves</u>, 637 F. Supp. 2d 322 (W.D. N.C. 2009); <u>Saldivar v. Rodela</u>, 894 F. Supp. 2d 916 (W.D. Tex. 2012); <u>Flynn v. Borders</u>, 2007 WL 862548 (E.D. Ky. 2007).

As part of Father's award of attorney's fees, he seeks fees included for both the Canadian custody action and the Massachusetts divorce action:

- 09/06/2025: "Attention to Canadian complaint for custody and translation on same from Canadian counsel; assemble and organize of same to file" Total: $19.50
- 09/16/2025: "Review Orders from Quebec; email to Marie-France and Tommy" Total: $270.00
- 09/18/2025: "Review of Safeguard Orders in English and French and redact all names of children throughout" Total: $45.00
- 12/29/2025: "Divorce: Email correspondence with client" Total: $50.00
- 01/05/2026: "Divorce: Conference with WHO; email correspondence with client" Total: $100.00

- 01/05/2026: "Divorce" Conference with SC" $135.00

These entries are directed to the Canadian custody matter, Quebec orders, and the parties Massachusetts divorce matter, not the Hague return proceeding itself. Legal fees and costs incurred in simultaneous divorce and custody proceedings are not expenses incurred in an action brought under the Hague Convention as implemented by ICARA and should not be awarded. Neves v. Neves, 637 F. Supp. 2d 322 (W.D. N.C. 2009); Saldivar v. Rodela, 894 F. Supp. 2d 916 (W.D. Tex. 2012); Flynn v. Borders, 2007 WL 862548 (E.D. Ky. 2007).

## IV. The Request for Fees Should Also be Denied as it Includes Excessive, Duplicative, and Unnecessary Billing

A party seeking an award of fees should submit evidence supporting the hours worked and rates claimed to permit the Court to assess the reasonableness of the hours worked, excluding those hours that are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).

The Father's Second Supplemental Affidavit includes substantial intra-office conferencing, multiple lawyers billing for the same tasks, duplicative billing and unnecessary billing for numerous attorneys. Examples include:

- On 09/02/2025, the Father is billed for three separate attorneys in the total amount of $1,032.50.
- On 09/08/2025, the Father is billed for three separate attorneys in the total amount of $4,098.50
- On 09/09/2025, the Father is billed for three separate attorneys in the total amount of $415.50
- On 09/10/2025, the Father is billed for three separate attorneys in the total

amount of $421.50

- On 09/12/2025, the Father is billed for three separate attorneys in the total amount of $2,140.00
- On 09/15/2025, the Father is billed for three separate attorneys in the total amount of $837.50
- On 09/18/2025, the Father is billed for four separate attorneys in the total amount of $1,500.00
- On 09/19/2025, the Father is billed for two separate attorneys in the total amount of $1,687.50
- On 11/07/2025, the Father is billed for two separate attorneys in the total amount of $1,181.25
- On 11/18/2025, the Father is billed for three separate attorneys in the total amount of $4,057.50
- On 11/19/2025, the Father is billed for three separate attorneys in the total amount of $5,002.50
- On 11/20, 2025, the Father is billed for two separate attorneys in the total amount of $2,682.50
- On 11/21/2025, the Father is billed for two separate attorneys in the total amount of $4,442.50
- On 11/24/2025, the Father is billed for three separate attorneys in the total amount of $1,192.50
- On 02/02/2026, the Father is billed for three separate attorneys in the total amount of $3,597.50 including duplicative billing for a “mock oral argument”

- On 02/03/2026, the Father is billed for two separate attorneys in the total amount of $2,207.50
- On 02/04/2026, the Father is billed for three separate attorneys in the total amount of $2,447.50 including a second "further mock argument" and attorneys billing for "audience and commentary for argument"
- On 06/15/2026, the Father is billed for two separate attorney "strategy conference" in the total amount of $117.50 despite the appeal remaining under advisement at this time

In conclusion, it would be inequitable to shift the responsibility for payment of Father's counsel fees and costs to Mother. Mother was simply maintaining the "status quo" by living in the marital home that the parties purchased nearly a year earlier, and continuing to work in her full-time employment that was the reason for the parties jointly moving to the United States in the first place. The parties both actively participated in the Massachusetts divorce, and Mother had a good faith basis in believing that Father would honor his agreements in that proceeding, especially in light of the fact that he never directly challenged jurisdiction in Massachusetts. Mother did not seek an advantage in any particular court or country, she simply filed for divorce where the parties lived with their children for nearly two years.

As a result, in due consideration of all of the circumstances of this case, including Mother's good faith belief that Massachusetts is the proper forum to litigate the parties' divorce, including custody, and Father's willing and active participation the Massachusetts proceedings, an award of attorney's fees and costs to the Father here

would be clearly inappropriate.

WHEREFORE, the Mother respectfully requests that this Honorable Court DENY the Petitioner's Second Supplemental Affidavit of Fees and Costs (Doc. No. 40) and Petitioner's Supplemental Affidavit of Fees and Costs (Doc. No. 67) and Petitioner's Second Supplemental Affidavit of Fees (Doc. No, 81) with no fees awarded to either party, with prejudice.

Respectfully submitted,
Stacy Tardif,
By her Attorneys,

*/s/ Francesca Blazina*

Matthew P. Barach, Bar No. 630245
Francesca Blazina, Bar No. 705142
Barach Law Group, LLC
40 Speen Street, # 205
Framingham, MA 01701
617-604-9700
mbarach@barachfamilylaw.com
fblazina@barachfamilylaw.com

Date October 23, 2026

CERTIFICATE OF SERVICE

**The undersigned hereby certifies** that a true copy of the within Respondent's Opposition to Second Supplemental Affidavit of Fees and Costs was this day served upon Petitioner by electronic mail to Wendy Hickey and Stephanie Curtin, Attorneys for Petitioner, of Brick, Jones, McBrien & Hickey LLP, 250 First Ave., Suite 201, Needham, MA 02494 wendy@brickjones.com and stephanie@brickjones.com.

SIGNED under the penalties of perjury.

*/s/ Francesca Blazina*

______________________________

Francesca Blazina

Dated: October 23, 2026